## IN THE SUPREME COURT OF THE STATE OF IDAHO
### Docket No. 42372

JOHN DOE, )
)
    Petitioner-Appellant, )
)    **Boise, May 2015 Term**
v. )
)    **2015 Opinion No. 62**
STATE OF IDAHO, IDAHO STATE )
POLICE CENTRAL SEX OFFENDER )    **Filed: June 30, 2015**
REGISTRY, )
)    **Stephen W. Kenyon, Clerk**
    Respondent. )
)

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Timothy L. Hansen, District Judge.

District court's dismissal of Verified Petition for Declaratory Judgment, <u>reversed</u> and <u>remanded.</u>

John Doe, pro se appellant.

Hon. Lawrence G. Wasden, Idaho Attorney General, Boise, for respondent.

_____

### SUBMITTED ON THE BRIEFS

BURDICK, Chief Justice

    This is an appeal of the district court's dismissal of John Doe's Verified Petition for Declaratory Judgment. We reverse and remand.

### I. BACKGROUND

    John Doe, a Washington resident and registered sex offender in Washington, filed a petition in Idaho district court seeking a declaratory judgment as to whether he could be required to register with the Idaho Sex Offender Registry because of his Washington offenses. Doe's expanding work opportunities required him to spend more than 30 days a year in Idaho, but he had been spending less time than that in Idaho so as not to trigger a registration requirement. Doe was contemplating relocating to Idaho. Doe sought the court's determination of whether his

1

Washington offenses were "substantially equivalent" to an Idaho sex offense that requires registration when an out-of-state offender moves to or is employed in Idaho.

Doe pled guilty in June 2011 in the Superior Court of Washington for King County to two counts of "Communicating with a Minor for Immoral Purposes," a misdemeanor, in violation of Washington Code Section 9.68A.090(1). Doe was required to register for 10 years with the county sheriff of his county of residence in Washington. At the time of filing his Petition, Doe was required to register for eight more years. Because his offense was a misdemeanor, Doe's registration does not place him on the publicly accessible Washington sex offender website; his registration information is used only for law enforcement purposes.

On July 5, 2012, Doe e-mailed the Idaho Sex Offender Unit asking whether his Washington offenses were substantially equivalent to any Idaho sex offense that would require him to register in Idaho. That e-mail was forwarded to Cheryl Meade, Deputy Attorney General, legal counsel for the Idaho State Police, who responded to Doe. Meade informed Doe that the Central Sex Offender Registry could not provide him with an official opinion without reviewing his Washington judgment, conviction order, charging documents, and any presentence investigation report. Some time later, in March 2013, Doe sent Meade a letter enclosing all those requested documents and again seeking a determination as to whether his Washington offense was substantially equivalent to an Idaho sex offense. Doe's letter explained that while he was not a current Idaho resident, his work would bring him to Idaho in the near future. Meade responded on March 28, 2013, with a letter stating she had reviewed the Washington statute and concluded that it was substantially equivalent to Idaho Code Section 18-1506(1)(a), an offense requiring registration. She informed Doe that because his victim was under 13 years old, he would be required to register in Idaho for life.

Doe then filed the Verified Petition for Declaratory Judgment on May 30, 2013. The district court, following a hearing, dismissed the Petition, finding that Doe did not have standing, as he demonstrated no injury in fact and his claim was based on hypothetical facts because he did not yet live here. Additionally, the court found there was also no injury because Doe had not been required to register, nor was there any threatened harm because Doe had not been threatened with prosecution for failing to register. The district court's Order and Final Judgment were entered July 21, 2014, and Doe timely appealed.

## II. ISSUES

Doe states the following as the issues on appeal: 1) Did the district court err in dismissing Appellant's petition for declaratory judgment? 2) Does Appellant's misdemeanor conviction in Washington qualify as a sexual offense under Idaho Code? [1]

## III. STANDARD OF REVIEW

Dismissals for jurisdictional reasons are reviewed de novo. Jurisdiction is a question of law over which this Court exercises free review. *Bach v. Miller*, 144 Idaho 142, 144–45, 158 P.3d 305, 307–08 (2007). This Court exercises free review of whether the law was properly applied to undisputed facts. *Miller v. Bd. of Trustees*, 132 Idaho 244, 246, 970 P.2d 512, 514 (1998).

## IV. ANALYSIS

Doe petitioned the district court for a declaratory judgment as to whether his Washington conviction for Communicating with a Minor for Immoral Purposes, under Revised Code of Washington Section 9A.68.090, was "substantially equivalent" to an Idaho sex offense as that term is used in Idaho Code sections 18-8304(1)(b) and (c). The district court found that Doe had no injury and therefore dismissed the petition for lack of standing.

### A.      The district court erred in dismissing for lack of standing.

The district court determined that Doe had no injury because he did not live in Idaho and had not been required to register or threatened with prosecution for failing to register. Therefore, the district court dismissed the petition. Doe argues this was error because he has injuries in that he fears prosecution for failing to register, and he avoids travel to Idaho necessary for his job.

Declaratory judgments are authorized by statute: "Any person … whose rights, status or other legal relations are affected by a statute … may have determined any question of construction or validity arising under the … statute … and obtain a declaration of rights, status or other legal relations thereunder." I.C. § 10-1202. A declaratory judgment action, however, is subject to the requirement that a justiciable controversy exist, and it must involve actual and existing facts. *Wylie v. Idaho Transp. Bd.*, 151 Idaho 26, 31, 253 P.3d 700, 705 (2011). Both standing and mootness are subcategories of justiciability. *Id.*

---

[1] Having determined that Doe did not have standing, the district court did not address this question.

The allegation of a future injury is sufficient to confer standing. *Schneider v. Howe*, 142 Idaho 767, 772, 133 P.3d 1232, 1237 (2006). To satisfy the standing requirement, a petitioner must allege "an injury in fact and a substantial likelihood that the judicial relief requested will prevent … the claimed injury." *Id.* In *Schneider*, the petitioner sought a declaratory judgment regarding the existence of an easement. He established by affidavit that he planned to subdivide his property, and without confirmation of the easement's existence, he would in the future have to undergo a lengthy, expensive process to determine whether he could subdivide the property. *Id.* at 772–73, 133 P.3d at 1237–38. This Court held that declaratory action was appropriate to avoid that potential injury. *Id.*

Doe alleges by affidavit that he plans to work more frequently in Idaho. He is presently working in Idaho fewer than 30 days a year, which is less than the demands of his job would require, because he received the letter stating he must register in Idaho if he is employed in Idaho. He also alleges that if he must register on Idaho's public registry before having standing to determine whether his offense requires registration, his photograph and personal information will be on the internet while he awaits a determination. Because his offense was a misdemeanor in Washington, Doe's information is not on the public Washington sex offender website.

The Idaho Sexual Offender Registration Notification Act (SORA) requires a person sentenced for an offense identified in the Act to register with the state's central sexual offender registry ("Registry"). I.C. § 18-8306(1). In particular, a person convicted of violating Idaho Code section 18-1506 is required to register. I.C. § 18-8304(1)(a). The Registry is maintained on a publicly accessible website. SORA applies in relevant part to anyone who "has been convicted of any crime … in another jurisdiction … that is substantially equivalent to the offenses listed in subsection (1)(a) … and enters this state to establish residence or for employment purposes …." I.C. § 18-8304(1)(b). "Employed" means full-time or part-time employment for more than 10 consecutive working days or an aggregate of more than 30 days in any calendar year. I.C. § 18-8303(6).

Doe's plans to work in or move to Idaho are analogous to the plan to subdivide property in *Schneider*, where allegations of threatened harm to a future plan were sufficient to confer standing. Further, Doe has alleged a current harm in that he is presently not working in Idaho as much as his job demands would dictate. Doe has also alleged that the requested relief is

substantially likely to prevent injury, and this, coupled with the injuries alleged, satisfies the standing requirement. Therefore, we reverse the district court's dismissal for lack of standing.

**B.    Declaratory judgment was an appropriate cause of action.**

The district court concluded that Doe's action for declaratory judgment was not appropriate because Doe did not live in Idaho. Additionally, the state argued that Doe failed to exhaust agency remedies. Even where an agency is charged with implementing a statute, declaratory judgment in the district court is permissible to determine the applicability of agency rules. I.C. § 67-5278. This is so regardless of the availability of agency remedies:

> (1) The validity or applicability of a rule may be determined in an action for declaratory judgment in the district court, if it is alleged that the rule, or its threatened application interferes with or impairs, or threatens to interfere with or impair, the legal rights or privileges of the petitioner. (2) The agency shall be made a party to the action. (3) A declaratory judgment may be rendered whether or not the petitioner has requested the agency to pass upon the validity or applicability of the rule in question.

*Id.* In this case, Doe alleged that the statute and rule requiring sex offender registration in Idaho for "substantially equivalent" offenses threatened to interfere with or impair his legal rights or privileges. Doe made the agency a party to his action. Although Doe did request a ruling from the agency initially, the statute permits a court action even when the petitioner has not contacted the agency.

Additionally, here, the agency responsible for implementing SORA does not have a process for providing advisory rulings. Inadequate remedies are an exception to the general exhaustion of remedies requirement. "The courts … will not, as a rule, assume jurisdiction of declaratory judgment proceedings until administrative remedies have been exhausted, except where the administrative remedy is not adequate." *Regan v. Kootenai Cnty.*, 140 Idaho 721, 725, 100 P.3d 615, 619 (2004) (internal citations omitted). And, "failure to exhaust administrative remedies is not a bar to litigation when there are no remedies to exhaust." *Lochsa Falls, L.L.C. v. State*, 147 Idaho 232, 239–40, 207 P.3d 963, 970–71 (2009).

The legislature delegated to the Idaho State Police ("ISP") the authority to implement SORA and establish the Registry. I.C. § 18-8304(4). The ISP then promulgated "Rules Governing the Sex Offender Registry" ("Registry Rules") for administration of the Registry. IDAPA 11.10.03.000 *et seq.* The Registry Rules apply to "[a] person convicted of a sex offense in another jurisdiction *and who moves to* Idaho." IDAPA 11.10.03.012(08) (emphasis added).

The Registry Rules state the process for appeals of agency decisions, IDAPA 11.10.03.003, and the process for obtaining and appealing "substantially equivalent" determinations, IDAPA 11.10.03.012(08). Nowhere do the Registry Rules provide a process for a person to obtain a "substantially equivalent" determination before moving to Idaho or when only working in Idaho. Therefore, the agency did not provide a remedy for Doe. Because declaratory judgment was appropriate, we remand to the district court for proceedings consistent with this opinion.

## C.     The statutes are "substantially equivalent."

The district court, having dismissed the petition for lack of standing, did not rule on the issue of whether Doe's Washington offense was substantially equivalent to an Idaho offense requiring registration. Because we remand to the district court, we must address the issue in Doe's original petition—whether his Washington offense is substantially equivalent to an Idaho offense requiring offender registration—as it is a question of law necessary to determination of the case. I.C. § 1-205 ("[I]f a new trial be granted, the court shall pass upon and determine all the questions of law involved in the case presented upon … appeal, and necessary to the final determination of the case.") Statutory interpretation is a question of law. *Idaho Dep't of Health & Welfare v. Doe (2010–28)*, 150 Idaho 563, 566, 249 P.3d 362, 365 (2011).

The ISP defines "substantially equivalent" as follows: "'Substantially Equivalent or Similar' means any sex offense related crime, regardless of whether a felony or misdemeanor, that consists of similar elements defined in Title 18 of the Idaho Criminal Code. It does not mean exactly the same, nor exactly identical to." IDAPA 11.10.03.010.05. Thus, our only focus in determining whether two offenses are substantially equivalent is the elements of each offense.[2]

Doe was convicted of violating R.C.W. § 9.68A.090(1) (West 2011), "Communication with minor for immoral purposes." That statute states: "[A] person who communicates with a minor for immoral purposes, or a person who communicates with someone the person believes to be a minor for immoral purposes, is guilty of a gross misdemeanor." A "minor" is any person under 18 years of age. R.C.W § 9.68A.011(5) (West 2011). "Communication" means "conduct as well as words." *State v. Hosier*, 157 Wash. 2d 1, 11, 133 P.3d 936, 941 (2006). "'Purpose' and

---

[2] In addition to arguing that the elements of the Washington and Idaho offenses are very different, Doe also argues that because the Washington offense was a misdemeanor it cannot be substantially equivalent to the Idaho offense, which is a felony. The ISP's definition, however, expressly states that whether the crime is a felony or misdemeanor is irrelevant. Further, the nature of the punishment is not relevant to a comparison of the two offenses' elements. The sentence is not an element of the offense. See *State v. Burnight*, 132 Idaho 654, 658–59, 978 P.2d 214, 218–19 (1999) (an enhancement is not a separate offense; sentences are imposed for the underlying crime). Here, we are concerned with only the underlying crime's elements.

'intent' are synonymous for criminal culpability …." *State v. Woolworth*, 30 Wash. App. 901, 905–06, 639 P.2d 216, 218 (1981) (quoting R.C.W. 9A.08.010(1)(a): "A person acts with intent or intentionally when he acts with the objective or purpose to accomplish a result which constitutes a crime."). "Immoral purpose" means sexual misconduct. *State v. McNallie*, 120 Wash. 2d 925, 933, 846 P.2d 1358, 1364 (1993) ("The statute prohibits communication with children for the predatory purpose of promoting their exposure to and involvement in sexual misconduct."). Thus, as relevant to Doe's case, to prove a violation of R.C.W. § 9.68A.090(1), it must be shown that a person 1) communicated, either by words or conduct, 2) with a person under the age of 18 years, 3) with the intent of engaging in sexual misconduct.

The state argues that R.C.W. 9.68A.090(1) is substantially equivalent to the Idaho offense found in Idaho Code section 18-1506(1)(a), which states:

> (1) It is a felony for any person eighteen (18) years of age or older, with the intent to gratify the lust, passions, or sexual desire of the actor, minor child or third party, to: (a) Solicit a minor child under the age of sixteen (16) years[3] to participate in a sexual act.

"Solicit" means

> … any written, verbal, or physical act which is intended to communicate to such minor child the desire of the actor or third party to participate in a sexual act or participate in sexual foreplay, by the means of sexual contact, photographing or observing such minor child engaged in sexual contact.

I.C. § 18-1506(2). "Sexual contact" means "any physical contact between such minor child and any person, which is caused by the actor, or the actor causing such minor child to have self contact." I.C. § 18-1506(3). Thus, as relevant to Doe's case, the salient elements of Idaho Code section 18-1506(1)(a) are that a person over 18 years of age 1) with the intent to satisfy sexual desire 2) communicates by words or conduct 3) the desire to participate in physical contact 4) with a child under the age of 16.

Both of these statutes criminalize communicating the desire to participate intentionally in sexual contact with a child. The statutes are not worded precisely the same, but under the ISP rules, they do not need to be. What matters is whether the offense to which Doe pled guilty in

---

[3] As Doe's victim was under the age of 13, the difference between the statutes in victim's age is not relevant in this case.

Washington—communicating with a minor for the immoral purpose of sexual misconduct—constitutes an offense in Idaho. We hold that it does. With the exception of the differing definitions of "minor," which are not relevant in this case, the elements of the Washington offense, R.C.W. 9.68A.090(1), are substantially equivalent to those in Idaho Code section 18-1506(1)(a).

**D.    Attorney fees**

The State seeks attorney fees on appeal pursuant to Idaho Code section 12-117(1), which mandates an award of fees if the "nonprevailing party acted without a reasonable basis in fact or law." As Doe prevailed on one of the two issues he presented, no costs or fees on appeal are awarded to either party.

## V. CONCLUSION

Because we find that Doe had standing to petition for declaratory judgment, we reverse the district court's dismissal. We remand this case to the district court for proceedings consistent with our finding that R.C.W. 9.68A.090(1), as it applied to Doe at the time of his guilty plea, is substantially equivalent to Idaho Code section 18-1506(1)(a).

Justices EISMANN, J. JONES, W. JONES and HORTON, **CONCUR.**