# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 49547-2022

| | | |
|---|---|---|
| MICHAEL W. SKEHAN, | ) | |
| | ) | |
| Appellant, | ) | Boise, April 2023 Term |
| | ) | |
| v. | ) | Opinion filed: January 3, 2024 |
| | ) | |
| IDAHO STATE POLICE, BUREAU OF | ) | Melanie Gagnepain, Clerk |
| CRIMINAL IDENTIFICATION, IDAHO | ) | |
| CENTRAL SEX OFFENDER REGISTRY, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District of the State of Idaho, Kootenai County. Cynthia K.C. Meyer, District Judge.

The decision of the district court is affirmed.

Powell & Reed, P.C., Sandpoint, for Appellant. Bryce W. Powell submitted argument on the briefs.

Raúl R. Labrador, Idaho Attorney General, Boise, for Respondent. Stephanie C. Nemore submitted argument on the briefs.

_____

ZAHN, Justice.

This case concerns the district court's affirmance of the Idaho Central Sex Offender Registry's ("SOR") declaratory ruling that Michael W. Skehan must register as a sex offender in Idaho. Skehan appeals this determination, arguing that the procedures used by the SOR were improper and that he should not be required to register. We affirm the district court's decision because Skehan has failed to demonstrate that the SOR's ruling was deficient under Idaho Code section 67-5279(3).

## I. FACTUAL AND PROCEDURAL BACKGROUND

Idaho Code section 18-8305 directs the Idaho State Police ("ISP") to maintain a central sex offender registry. Idaho Code section 67-3003 created the Bureau of Criminal Identification ("BCI") as a bureau within the ISP and tasked it with, among other things, serving as the state's

central repository of criminal history records. The ISP also tasked the BCI with responsibility for administering the Central Sex Offender Registry. IDAPA 11.10.03.012.01.

In 2001, Skehan was convicted of sexual abuse in the third degree in Oregon. Skehan was an Oregon resident at the time of his conviction, but he later moved to Idaho. At some point prior to May 10, 2021, the Kootenai County Sheriff's Office requested that the SOR determine whether Skehan's Oregon conviction was substantially equivalent to an Idaho sex offense for which registration was required, thus requiring Skehan to register as a sex offender in Idaho.

In May 2021, Leila McNeill, the Chief of the BCI, received an internal memo which requested that McNeill:

> Please review the attached documentation to determine which Idaho offense Mr. Skehan's conviction is substantially equivalent to. One count of ORS 163.415 – Sexual Abuse in the 3rd Degree equates to:

Below this section is a list of the Idaho sex crimes for which registration is required. The box next to "Idaho Code 18-1508 Lewd Conduct w/Minor Child" is checked.

The memo lists Skehan's age, date of birth, the date and place of his Oregon conviction, and the date the offense was committed. The memo also lists the "Victim's Sex/Age" as "female/14." Several documents were attached to the memo, including Skehan's judgment of conviction from the circuit court in Lane County, Oregon; his criminal history record; court documents from the Oregon case; and police reports from the Lane County Sheriff's Office. Several statutes were also attached to the memo, including (1) excerpts from Chapter 163 of the Oregon Revised Statutes; (2) Idaho Code section 18-1508, Lewd Conduct with Minor Child under Sixteen; and (3) Idaho Code section 18-8304, which sets out the crimes requiring registration in Idaho.

The Oregon Judgment states that Skehan was indicted for (1) Rape in the Third Degree and (2) Sexual Abuse in the Third Degree. It further states that Skehan was found guilty of sexual abuse in the third degree by plea and that the charge of rape in the third degree was dismissed pursuant to negotiations. The Oregon Judgment does not contain any details about the victim, including the victim's age. Aside from the victim information provided in the body of the memo to McNeill, the only documentation provided to McNeill that mentioned the victim's age were written reports from the Lane County Sheriff's Office.

On May 10, 2021, McNeill issued a "Duty to Register/Declaratory Ruling" addressed to Skehan.[1] The declaratory ruling explained that Skehan was required to register if his Oregon conviction was substantially equivalent to an offense in Idaho for which he would be required to register. The ruling further stated that:

> In cases where state laws have age limitations on certain sexual offenses, and the victim's age must be made known, the SOR may review the information, indictment or other documents from your underlying criminal case. Depending on the language in the statute under which you were convicted, the SOR may also review other portions of the documents in the underlying criminal case. These reviews are commonly made to assist the SOR in making the proper determination of which Idaho sex offense is substantially equivalent to the crime you were convicted of in Oregon.

The declaratory ruling included findings of fact that: (1) Skehan was convicted of sexual abuse in the third degree under Oregon Revised Statutes section 163.415; and (2) at the time the offense was committed, the victim was fourteen years old. The ruling then concluded that the elements of Oregon Revised Statutes section 163.415 are substantially equivalent to the elements of lewd conduct with a minor contained in Idaho Code section 18-1508, and informed Skehan that he was required to register as a sex offender in Idaho. Finally, the ruling stated that it was a final agency action that may be appealed by filing a petition for judicial review.

Skehan filed a petition for judicial review of the declaratory ruling. The district court affirmed the declaratory ruling after concluding that the SOR did not exceed its statutory authority and did not act in an arbitrary or capricious manner. Skehan timely appealed.

## II. ISSUES ON APPEAL

1. Whether Skehan failed to preserve any of the issues he raises on appeal.
2. Whether the SOR's declaratory ruling that Skehan must register as a sex offender is arbitrary, capricious, or an abuse of discretion.
3. Whether the SOR is entitled to attorney fees on appeal.

## III. STANDARD OF REVIEW

This Court's standard of review in an appeal from a district court sitting in its appellate capacity under the Idaho Administrative Procedure Act is well established. *See, e.g.*, *Rangen, Inc. v. Idaho Dep't of Water Res.*, 160 Idaho 251, 255, 371 P.3d 305, 309 (2016). We review "the

---

[1] The declaratory ruling issued by the SOR in the record contains two separate dates. The signature block at the end of the document includes the date May 10, 2021. However, "June 23, 2021" appears at the top of the document. Other documents in the record indicate that the declaratory ruling was issued on May 10, 2021. Neither party disputes that the declaratory ruling was issued on May 10, 2021.

decision of the district court to determine whether it correctly decided the issues presented to it."
*Clear Springs Foods, Inc. v. Spackman*, 150 Idaho 790, 797, 252 P.3d 71, 78 (2011) (citation omitted). We review the agency record independently of the district court's decision. *Access Behav. Health v. Dep't of Health & Welfare*, 170 Idaho 874, 879–80, 517 P.3d 803, 808–09 (2022). The agency's findings of fact are binding on a reviewing court and we defer to them so long as they are supported by substantial and competent evidence in the record. *Id.* However, we freely review questions of law. *Chambers v. Idaho Bd. of Pharmacy & Agency*, 170 Idaho 701, 705, 516 P.3d 571, 575 (2022). A reviewing court

> shall affirm the agency action unless the court finds that the agency's findings, inferences, conclusions, or decisions are: (a) in violation of constitutional or statutory provisions; (b) in excess of the statutory authority of the agency; (c) made upon unlawful procedure; (d) not supported by substantial evidence on the record as a whole; or (e) arbitrary, capricious, or an abuse of discretion.

*Id.* (quoting I.C. § 67-5279(3)). Even if one of the conditions in Idaho Code section 67-5279(3) is met, an "agency action shall be affirmed unless substantial rights of the appellant have been prejudiced." I.C. § 67-5279(4).

## IV.    ANALYSIS

Skehan asserts that the district court erred in affirming the SOR's declaratory ruling and focuses his argument on how the SOR conducted the substantial equivalence determination. We construe these arguments as challenges to the district court's application of the law on these issues. First, Skehan asserts the SOR improperly considered court documents and police reports underlying his Oregon conviction to determine substantial equivalence. Skehan contends this violated due process; exceeded the statutory authority of the SOR; and was arbitrary, capricious, or an abuse of discretion. *See* I.C. § 67-5279(3)(a), (b), (e). Second, Skehan argues the SOR's failure to consider the degree of the potentially comparable offenses (whether they were felonies or misdemeanors) when determining which Idaho offense was substantially equivalent to his Oregon conviction was arbitrary, capricious, or an abuse of discretion under Idaho Code section 67-5279(3)(e). Third, he argues that the SOR did not consider whether his Oregon conviction was substantially equivalent to Idaho offenses not requiring registration; however, he does not indicate what subsection of Idaho Code section 67-5279(3) is implicated by this issue.

In response, the SOR first asserts that Skehan has not preserved his due process argument because he failed to raise this issue before the district court. The SOR then argues that its substantial equivalence determination did not exceed its statutory authority and was not arbitrary

or capricious. The SOR also argues that it was not required to consider the degree of the Idaho offense or to consider Idaho offenses not requiring registration as part of its substantial equivalence determination.

## A. Skehan failed to preserve several arguments for appeal.

Skehan offers little to rebut the SOR's position that he did not argue a due process violation before the district court. Skehan refers to his reply brief before the district court—which is not in the record on appeal—and to the transcript of the oral argument before the district court to support his position that he has "consistently and repeatedly argued the process employed by [the SOR] was unfair and in violation of [Skehan's] rights."

"This Court will not consider issues that were not raised before the district court even if those issues had been raised in the administrative proceeding." *Marcia T. Turner, L.L.C. v. City of Twin Falls*, 144 Idaho 203, 209, 159 P.3d 840, 845 (2007) (citing *Cooper v. Bd. of Prof'l Discipline of the State Bd. of Med.*, 134 Idaho 449, 4 P.3d 561 (2000)). Thus, we will "not reverse a trial court's decision based on an argument that was not presented below." *State v. Hoskins*, 165 Idaho 217, 224, 443 P.3d 231, 238 (2019) (citation omitted). "To properly preserve an issue for appellate review, 'both the issue and the party's position on the issue must be raised before the trial court[.]'" *Id.* at 222, 443 P.3d at 236 (quoting *State v. Gonzalez*, 165 Idaho 95, 99, 439 P.3d 1267, 1271 (2019)).

"It is well established that the appellant has the obligation to provide a sufficient record to substantiate his or her claims on appeal." *Groveland Water & Sewer, Dist. v. City of Blackfoot*, 169 Idaho 936, 941, 505 P.3d 722, 727 (2022) (quoting *Med. Recovery Servs., LLC v. Eddins*, 169 Idaho 236, 241 n.1, 494 P.3d 784, 789 n.1 (2021)). "This Court will not presume error below in the absence of a record that is adequate to review the appellant's claims." *Med. Recovery Servs., LLC*, 169 Idaho at 244, 494 P.3d at 792 (citations omitted). "Rather, 'the missing portions of that record are to be presumed to support the action of the trial court.'" *Groveland*, 169 Idaho at 942, 505 P.3d at 728 (quoting *Rencher/Sundown LLC v. Pearson*, 165 Idaho 877, 881, 454 P.3d 519, 523 (2019)).

Skehan has failed to support his contention that he presented a due process argument below. The clerk's record contains Skehan's Petition for Judicial Review and the district court's written decision, but not Skehan's briefing submitted to the district court in support of his petition. Skehan's Petition for Judicial Review consists of one paragraph, which states only that he is

petitioning for judicial review. It does not identify any legal arguments. The only materials in the record that discuss Skehan's claims are the district court's order and the transcript of the hearing before the district court.

In its memorandum decision and order, the district court characterized Skehan's arguments as challenging the SOR's Ruling under Idaho Code section 67-5279(3)(b) and (e). These provisions permit a reviewing court to set aside an agency action when the "agency's findings, inferences, conclusions, or decisions are: . . . (b) in excess of the statutory authority of the agency; . . . or (e) arbitrary, capricious, or an abuse of discretion." I.C. § 67-5279(3)(b), (e). The district court's decision does not mention a claim that the SOR violated section 67-5279(3)(a) or Skehan's due process rights by considering court documents and police reports.

The only reference to due process during the hearing before the district court was when, in response to ISP's argument that the substantial right that Skehan was claiming was prejudiced was his right to challenge the substantial equivalency determination, Skehan's attorney asserted that the substantial right at issue was his due process right under the Fourteenth Amendment. This lone statement does not suggest that Skehan was challenging the declaratory ruling on due process grounds and therefore the ruling should be set aside under section 67-5279(3)(a). The statement instead suggests that Skehan was arguing the ruling prejudiced his substantial rights, which is a separate element he is required to satisfy to set aside the declaratory ruling. I.C. § 67-5279(4).

Skehan presents persuasive arguments attacking the SOR's practice of relying on documents underlying an out-of-state conviction to determine substantial equivalence. We note that the United States District Court for the District of Idaho recently held that the SOR cannot rely on documents beyond the fact of conviction—such as police reports—to determine substantial equivalence without providing a pre-deprivation hearing. *See Doe v. Wasden*, 558 F. Supp. 3d 892, 910–11 (D. Idaho 2021), *appeal dismissed*, No. 21-35826, 2022 WL 19333636 (9th Cir. Dec. 12, 2022). Our decision to dismiss Skehan's due process claim due to his failure to provide evidence that he raised the argument below should not be read as a decision on the merits of the SOR's practice of considering documents outside of the conviction when making a substantial equivalency determination. Whether the SOR's practices in that regard are constitutional remains an open question.

In short, the appellate record contains no evidence that Skehan raised the due process claim before the district court that he now raises on appeal. As a result, we conclude that Skehan failed to preserve the argument for appeal.

**B. We affirm the district court's decision denying two of Skehan's arguments due to lack of adequate authority and argumentation.**

The district court rejected two of Skehan's other arguments because they were not supported by argument and authority: (1) that the SOR's consideration of court documents and police reports exceeded its statutory authority; and (2) that the SOR's definition of "substantially equivalent" was arbitrary and capricious because, when making its substantially equivalent determination, the SOR did not consider whether the potentially comparable offenses were felonies or misdemeanors. Because the appellate record does not contain Skehan's briefing to the district court, we presume that the missing portions of the record support the trial court's decision. *See Groveland*, 169 Idaho at 942, 505 P.3d at 728. As a result, we affirm the district court's decision rejecting those two claims.

**C. We affirm the district court's judgment affirming the declaratory ruling.**

This leaves three remaining arguments that Skehan raises on appeal: (1) that the declaratory ruling was arbitrary or capricious because the SOR used documents underlying his Oregon conviction to determine substantial equivalence; (2) that the SOR abused its discretion by failing to consider, when making its substantial equivalency determination, whether the potentially comparable offenses were felonies or misdemeanors; and (3) that the SOR was required to consider Idaho offenses not requiring registration as part of its substantial equivalency determination. We address each argument in turn.

*1. Skehan has not established that the SOR's consideration of documents underlying his Oregon conviction was arbitrary or capricious.*

We begin with Skehan's argument that the declaratory ruling was arbitrary or capricious because the SOR considered court documents and police reports underlying his Oregon conviction. Citing this Court's decision in *Doe v. State*, 158 Idaho 778, 782–83, 352 P.3d 500, 504–05 (2015), Skehan contends that the only focus in determining whether two offenses are substantially equivalent is the elements of each offense, which is a question of law. Skehan also contends that the SOR's definition of substantially equivalent contained in IDAPA 11.10.03.010.02 (2020 C1) limits its substantially equivalent determination to a comparison of the elements of two crimes:

> **Substantially Equivalent.** Any sex offense related crime, regardless of whether a felony or misdemeanor, that consists of similar elements defined in Title 18 of the Idaho Criminal Code. It does not mean exactly the same, nor exactly identical to.

Skehan contends that IDAPA 11.10.03.012.07.c (2020 C1), which permits the SOR to rely on police reports, psychosexual evaluation reports and orders of probation when making a substantial equivalency determination, is arbitrary or capricious because it permits the SOR to consider information that is irrelevant to the legal determination of whether the elements of two crimes are substantially equivalent. In response, the SOR asserts that IDAPA 11.10.03.012.07 was lawfully adopted and therefore the SOR was entitled to rely on the additional documentation when making its determination.

The district court rejected Skehan's argument and concluded that it was required to read IDAPA 11.10.03.010.02 (2020 C1) and 11.10.03.012.07.c (2020 C1) in harmony. In so doing, the district court held that the SOR's consideration of the additional information did not change the standard that an out-of-state statute is equivalent to an Idaho statute when the two consist of similar elements. We agree with the district court's analysis.

An agency action may be vacated when the agency's findings, inferences, conclusions, or decisions are arbitrary or capricious. *Grace at Twin Falls, LLC v. Jeppesen*, 171 Idaho 287, 291–92, 519 P.3d 1227, 1231–32 (2022) (citations omitted). "An action is capricious if it was done without a rational basis" and "is arbitrary if it was done in disregard of the facts and circumstances presented or without adequate determining principles." *A & B Irrigation Dist. v. Idaho Dep't of Water Res.*, 153 Idaho 500, 511, 284 P.3d 225, 236 (2012) (citations omitted).

While it is unclear whether Skehan's argument is that the SOR's determination was arbitrary, capricious or both, it is clear that Skehan contends the SOR can only consider the two criminal statutes, and nothing else, when making its substantial equivalency determination. He primarily relies on our decision in *Doe* to support his position, but *Doe* did not concern whether the SOR could consider information such as police reports when making its substantial equivalency determination. As a result, our holding in *Doe* does not support Skehan's position.

In *Doe*, the primary question was whether a Washington resident could file a declaratory judgment action in Idaho's courts to obtain a declaratory ruling concerning whether his Washington conviction was substantially equivalent to an Idaho sex offense for which he would be required to register under Idaho's Sexual Offender Registration Notification and Community Right-to-Know Act ("SORA"). *Doe*, 158 Idaho at 779–80, 352 P.3d at 501–02. The bulk of our

decision focused on whether the district court erred in dismissing Doe's complaint for lack of standing and whether Doe was required to exhaust administrative remedies prior to filing the declaratory judgment action. *Id.* at 781–82, 352 P.3d at 503–04.

After concluding the district court erred in dismissing the complaint and concluding that there was no administrative remedy for Doe to exhaust, we analyzed whether Doe's Washington conviction was substantially equivalent to an Idaho offense requiring sex offender registration. *Id.* at 782–83, 352 P.3d at 504–05. Our analysis relied on the definition of "substantially equivalent" found in IDAPA 11.10.03.010.05 (2012), which focused on whether the elements of the two offenses were substantially equivalent. *See id.* Notably, IDAPA 11.10.03.012.07.c (2020 C1), which permits the SOR to consider additional information such as police reports when making its substantial equivalency determination, had not been adopted at the time of our decision. As a result, we did not consider any additional information and the definition contained in IDAPA 11.10.03.010.05 (2012) was the only guidance concerning how to conduct a substantially equivalent determination. *See id.* We were not asked in *Doe* to consider whether the substantially equivalent determination could involve considering documents outside of the statutory elements of the two crimes, and therefore our decision does not address that issue.

We also note that the two administrative regulations at issue are not necessarily inconsistent. This case provides one example of the difficulties that can arise when trying to make a substantial equivalence determination based solely on the language of two statutes. In Skehan's case, the statute underlying his conviction, Oregon Revised Statutes section 163.415, contained two age elements—one for victims over the age of 18 who did not consent, and the other for victims under the age of 18. If Skehan violated the statute through sexual contact with an individual over 18 who failed to consent, that would not be substantially equivalent to Idaho Code section 18-1508. If he engaged in sexual contact with an individual under the age of 18, that conviction may be substantially equivalent to section 18-1508.

In this instance, in order to conduct the element-by-element comparison described in IDAPA 11.10.03.010.02 (2020 C1), it was first necessary to determine which of the two possible age elements was reflected in Skehan's conviction. Because of the different age elements, one could not tell solely from a review of both statutes whether Skehan's conviction was substantially equivalent to Idaho Code section 18-1508. Which age element to be used for the element-by-

element comparison could only be determined by reviewing information outside of the two statutes. In Skehan's instance, the two IDAPA rules were not contradictory.

We hold that Skehan failed to demonstrate that the SOR's consideration of other information in addition to the Oregon and Idaho statutes was arbitrary and capricious. Our decision in *Doe* did not address whether the SOR could consider information outside of the two statutes. In Skehan's case, the requirements of IDAPA 11.10.03.012.07.c (2020 C1) do not conflict with IDAPA 11.10.03.010.02 (2020 C1). Skehan failed to demonstrate that the SOR's determination was made without a rational basis or that it was done in disregard of the facts and circumstances presented or without adequate determining principles.

> *2. The SOR did not abuse its discretion by failing to consider whether the potentially comparable offenses were felonies or misdemeanors.*

Skehan also asserts that the SOR abused its discretion by failing to consider whether his Oregon conviction was a felony or misdemeanor as part of its substantial equivalence determination. He asserts that "equivalence" is a matter of both substance (the elements of a crimes) and degree (whether the crimes were felonies or misdemeanors).

SORA was enacted in 1998 and addresses whether an individual must register as a sex offender. *See generally* I.C. §§ 18-8301 to 18-8331. SORA identifies the Idaho offenses that require registration. *See* I.C. § 18-8304(1)(a), (f). SORA also requires a person to register if that person has been convicted of any crime in another jurisdiction that is "substantially equivalent" to an Idaho offense that requires registration. I.C. § 18-8304(1)(b); *see also* I.C. § 18-8303(11).

SORA does not define "substantially equivalent." *See* I.C. § 18-8303 (definitions). However, SORA provides that the ISP "shall have authority to promulgate rules to implement the provisions of this chapter." I.C. § 18-8304(4). This Court has recognized that the ISP "has broad authority to implement SORA's terms and the sex-offender registry." *State v. Glodowski*, 166 Idaho 771, 776, 463 P.3d 405, 410 (2020) (citing I.C. §§ 18-8304(4), 18-8305).

The ISP first promulgated rules related to SORA in 1999. The rules did not initially define "substantially equivalent." ISP first promulgated a rule defining the phrase in 2012. *See* IDAPA 11.10.03.010.05 (2012). The definition, which has remained unchanged since 2012, explicitly states substantial equivalence is determined using the elements of an offense regardless of whether the offense is a felony or misdemeanor:

> **Substantially Equivalent**. Any sex offense related crime, regardless of whether a felony or misdemeanor, that consists of similar elements defined in Title 18 of the Idaho Criminal Code. It does not mean exactly the same, nor exactly identical to.

IDAPA 11.10.03.010.02 (2020 C1).

In *Doe*, we relied on the plain language of the rule to reject the argument that the substantial equivalence analysis requires considering whether the offenses were misdemeanors or felonies. *See Doe*, 158 Idaho at 783 n.2, 352 P.3d at 505 n.2. We concluded that the IDAPA definition expressly stated that whether an offense is a misdemeanor or felony is irrelevant. *Id.* We also explained that "the nature of the punishment is not relevant to a comparison of the two offenses' elements." *Id.*

Here, we are unpersuaded by Skehan's argument that the SOR abused its discretion by not considering whether his Oregon conviction was a misdemeanor or felony. Skehan's position conflicts with the plain language of IDAPA 11.10.03.010.02 (2020 C1) and he offers little argument as to why our decision in *Doe* is incorrect. Instead, Skehan relies on a 1981 dictionary definition of "equivalent," which states that "equivalent" means "[e]qual in substance, degree, value, force or meaning[;] [h]aving similar or identical effects." *Equivalent*, Am. Heritage Dictionary (1981). However, even this definition recognizes that something can be "equivalent" in substance *or* degree, and the ISP, through rulemaking, has chosen to focus on the elements of two crimes (the substance) to determine substantial equivalence. Skehan failed to demonstrate that the SOR abused its discretion when it followed the administrative rule in making its substantial equivalency determination. The district court did not err when it rejected Skehan's argument on this point.

> 3. *The SOR was not required to compare Skehan's Oregon conviction to Idaho offenses that do not require registration.*

Skehan next argues that the SOR was required to consider Idaho offenses not requiring registration as part of its substantial equivalency determination. Skehan asserts that his Oregon conviction is substantially equivalent to the crime of sexual battery, Idaho Code section 18-924, which does not require registration. In essence, Skehan asserts that his Oregon conviction is more equivalent to the Idaho crime of sexual battery, and, as a result, the SOR could not conclude that his Oregon offense was substantially equivalent to lewd conduct with a minor under Idaho Code section 18-1508. Skehan does not indicate what subsection of Idaho Code section 67-5279(3) is implicated by this issue.

11

The SOR argues that it is not required to consider any offenses that do not require registration. The SOR views the question of whether Skehan's Oregon conviction is substantially equivalent to the Idaho crime of sexual battery as irrelevant.

The district court concluded that SORA requires the SOR to determine whether an out-of-state conviction is "substantially equivalent" not "most equivalent" to an Idaho offense requiring registration. Thus, the district court concluded that it need not consider whether Skehan's Oregon conviction was substantially equivalent to the Idaho crime of sexual battery. We agree.

Section 18-8304(1)(a) and (f) provide an explicit list of Idaho crimes that require registration. Section 18-8304(1)(b), in turn, requires an individual to register if his or her out-of-state conviction is substantially equivalent to the crimes explicitly listed in section 18-8304(1)(a) and (f):

> The provisions of this chapter shall apply to any person who:
> . . . .
>
> (b) On or after July 1, 1993, has been convicted of any crime . . . in another jurisdiction, including military courts, or who has a foreign conviction *that is substantially equivalent to the offenses listed in paragraphs (a) or (f) of this subsection* and enters this state to establish residence or for employment purposes or to attend, on a full-time or part-time basis, any public or private educational institution including any secondary school, trade or professional institution or institution of higher education.

I.C. § 18-8304(1)(b) (emphasis added).

Skehan's argument conflicts with the plain language of these provisions. SORA identifies precisely which Idaho crimes must be considered to determine substantial equivalence—those crimes that require registration—which obviates the need to consider any crime that *does not* require registration. Thus, the district court correctly concluded that the SOR need not consider whether Skehan's Oregon conviction was also substantially equivalent to the crime of sexual battery, a crime that is not listed in section 18-8304(1)(a) and (f).

The dissent takes issue with the SOR's substantial equivalence analysis because it did not consider whether Skehan's Oregon conviction is substantially equivalent to Idaho offenses that do not require registration. The dissent, after conducting its own substantial equivalence analysis, concludes (1) that Skehan's Oregon conviction is not substantially equivalent to Idaho Code section 18-1508, and (2) that Skehan's Oregon conviction "is more nearly the substantial equivalent of" Idaho Code section 18-924, which does not require registration. The dissent misses the mark in two critical respects.

First the dissent's conclusion that Skehan's Oregon conviction is not substantially equivalent to section 18-1508 presupposes that the SOR could not consider documents underlying Skehan's Oregon conviction as part of its substantial equivalence analysis. In doing so, the dissent creates a backdoor entrance for Skehan's unpreserved due process argument. The SOR used documents underlying Skehan's Oregon conviction as part of its substantial equivalence analysis. As noted above, Skehan failed to preserve his argument that the SOR's reliance on those documents violated due process. The dissent appears to agree that Skehan did not preserve his due process argument, yet its substantial equivalence analysis ignores the underlying documents the SOR relied on to arrive at its substantial equivalence determination. It bears repeating that Skehan offers a persuasive due process argument on appeal. However, because this argument is not preserved, Skehan failed to provide any legal justification for ignoring IDAPA 11.10.03.012.07.c (2020 C1), which expressly allowed the SOR to consider underlying documents. For this reason, the dissent's conclusion that Skehan's Oregon conviction is not substantially equivalent to section 18-1508 is inherently flawed. The police reports that the SOR relied on suggest that Skehan engaged in manual-genital or genital to genital contact with a child under sixteen. We are unable to conclude that the SOR acted arbitrarily or capriciously when it determined that Skehan's Oregon conviction was substantially equivalent to Idaho Code section 18-1508.

Second, the dissent's conclusion that Skehan's Oregon conviction "is more nearly the substantial equivalent of" Idaho Code section 18-924 ignores the plain language of Idaho Code section 18-8304(1)(b). As stated, section 18-8304(1)(b) requires registration for an out-of-state conviction when the out-of-state conviction is substantially equivalent to the expressly enumerated Idaho offenses that require registration. Section 18-8304 does not limit registration to only that offense that is the most substantially equivalent offense, nor does it require evaluation of all Idaho sex offenses. The dissent's interpretation effectively rewrites section 18-8304 to require registration only for the "most" equivalent Idaho offense rather than a "substantially" equivalent offense. The Legislature could have easily included the phrase "most equivalent," but it chose not to. "We will not add to or alter the language of a statute that the Legislature has drafted." *Idahoans for Open Primaries v. Labrador*, 172 Idaho 466, 481, 533 P.3d 1262, 1277 (2023) (citation omitted).

For the reasons discussed above, we hold that Skehan failed to demonstrate that the district court erred in affirming the SOR's declaratory ruling.

**D. The SOR is entitled to attorney fees under Idaho Code section 12-117(1).**

The SOR argues it is entitled to attorney fees under Idaho Code section 12-117. Section 12-117(1) provides that "in any proceeding involving as adverse parties a state agency or a political subdivision and a person, . . . the court hearing the proceeding . . . shall award the prevailing party reasonable attorney's fees . . . if it finds that the nonprevailing party acted without a reasonable basis in fact or law." "The standard for evaluating whether a party's conduct was 'without a reasonable basis in fact or law' under section 12-117 is substantially similar to the standard for evaluating whether a party pursued an action 'frivolously, unreasonably, or without foundation' under section 12-121." *S Bar Ranch v. Elmore County*, 170 Idaho 282, 313, 510 P.3d 635, 666 (2022) (citing *Galvin v. City of Middleton*, 164 Idaho 642, 647, 434 P.3d 817, 822 (2019)).

We conclude that Skehan's appeal was without a reasonable basis in fact or law. He presented an issue he failed to raise below, he failed to provide this Court with an adequate record to review several of his claims, he failed to properly support an issue with argument or authority, he failed to tie his allegations of error to the requirements of section 67-5279(3), and he failed to address existing caselaw that directly contradicted his claims on appeal. The fact that he raised a meritorious issue concerning the SOR's processes cannot overcome his failure to properly support that issue with argument and authority. As a result, we award the SOR its reasonable attorney fees pursuant to section 12-117.

## V.    CONCLUSION

We affirm the district court's order affirming the SOR's declaratory ruling. The SOR is awarded its costs on appeal pursuant to Idaho Appellate Rule 40 and its reasonable attorney fees pursuant to Idaho Code section 12-117.

Chief Justice BEVAN, and Justices BRODY and MOELLER CONCUR.

STEGNER, J., dissenting.

I respectfully dissent from the majority's decision set out in section C.3 in which the majority concludes the SOR was not required to compare Skehan's Oregon conviction to Idaho offenses other than those that require registration. By limiting the SOR's inquiry, the process ensured that Skehan faces lifetime registration in Idaho, even though he has no obligation to register in Oregon, the state where his offense occurred. I conclude the SOR is required to consider statutes other than those which require sex offender registration to determine which of Idaho's

statutes is "substantially equivalent" to a sister state's. Because this was not done, the SOR's conclusion that Skehan is required to register as a sex offender in Idaho for the rest of his life was flawed. Consequently, I would vacate and remand the SOR's decision that Oregon Revised Statutes section 163.415 is the "substantial equivalent" of Idaho Code section 18-1508.

I begin my analysis by noting the unsound process by which the SOR's decision was reached. In May 2021, Leila McNeill, Chief of the Bureau of Criminal Identification, received an interoffice memo. The memo directed McNeill to "review the attached documentation to determine *which* Idaho offense Mr. Skehan's conviction is substantially equivalent to." (Italics added.) It should be noted that the memo was not framed in an objective manner asking "whether" or "if" Skehan had committed an offense "substantially equivalent" to a registerable offense in Idaho, which is what the Idaho statute states. *See* I.C. § 18-8304(1)(a) and (b). Rather, the beginning point of the SOR's determination was to respond to the leading question set forth in the memo: McNeill was directed to determine "which" Idaho offense was the substantial equivalent of Oregon Revised Statute ("ORS") section 163.415, not "if" one of Idaho's registerable offenses was the "substantial equivalent" of ORS section 163.415.

The majority also notes that "Skehan does not indicate what subsection of Idaho Code section 67-5279(3) is implicated by this issue." However, elsewhere in the opinion the majority notes that Skehan brought his appeal based on Idaho Code section 67-5279(b) and (e). Subsection (b) allows a challenge to an agency's decision to be brought as follows: "the agency's findings, inferences, conclusions, or decision are: . . . (b) in excess of statutory provisions . . . ." Subsection (e) in relevant part (which includes language applicable to subsection (b)) reads: "the agency's findings, inferences, conclusions, or decision are: . . . (e) arbitrary, capricious, or an abuse of discretion." To my mind, Skehan's argument and the failing of the SOR are covered by both subsections under which he has brought his appeal. The SOR's decision is in excess of the statutory provisions under which it is tasked with operating. It was not made through an objective determination that ORS section 163.415 (West 2001) is the "substantial equivalent" of Idaho Code section 18-1508. It is also the epitome of arbitrary or capricious decision making. It is not a decision based on reason. To the contrary, it begins and ends with the premise that Skehan's offense must be the substantial equivalent of a registerable offense even though the statute seized upon by the SOR is substantively different (and more serious than) the offense committed by Skehan. It also disregards the fact that an analogous statute, which is more nearly the substantial

equivalent of Skehan's offense, exists under Idaho law but was never considered by the SOR to be the substantial equivalent of the statute under which Skehan was convicted.

As noted above, Skehan was convicted of violating ORS section 163.415 (West 2001), entitled "sexual abuse in the third degree." At the time of Skehan's conviction, Oregon defined "sexual contact" as "any touching of the sexual or other intimate parts of a person or causing such person to touch the sexual or other intimate parts of the actor for the purpose of arousing or gratifying the sexual desire of either party." OR. REV. STAT. ANN. § 163.305(6) (West 2001). The phrase "intimate parts" is not defined but is a question of fact for the jury that includes both a subjective and objective component. *See State v. Woodley*, 760 P.2d 884, 887 (Or. 1988); *State v. Serafin*, 249 P.3d 160, 162–63 (Or. Ct. App. 2011). The Oregon offense, thus, consists of the following elements:

> (1) touching of the sexual or other intimate parts of a person or causing such person to touch the sexual or other intimate parts of the actor,
>
> (2) for the purpose of arousing or gratifying the sexual desire of either party,
>
> (3) without the victim's consent or if the victim is under 18 years of age.

Idaho Code section 18-1508 is entitled "lewd conduct with a minor" and provides:

> Any person who shall commit any lewd or lascivious act or acts upon or with the body or any part or member thereof of a minor child under the age of sixteen (16) years, including but not limited to, genital-genital contact, oral-genital contact, anal-genital contact, oral-anal contact, manual-anal contact, or manual-genital contact, whether between persons of the same or opposite sex, or who shall involve such minor child in any act of bestiality or sado-masochism as defined in section 18-1507, Idaho Code, when any of such acts are done with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person, such minor child, or third party, shall be guilty of a felony and shall be imprisoned in the state prison for a term of not more than life.

Idaho Code section 18-1508, therefore, consists of the following elements:

> (1) a lewd or lascivious act or an act of beastiality or sado-masochism,
>
> (2) with a minor child under 16 years of age,
>
> (3) when any of such acts are done with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person, such minor child, or third party.

A comparison of the two offenses reveals they only share one similar element: intent. The Oregon statute requires the sexual contact to be "for the purpose of arousing or gratifying the sexual desire of either party[.]" The Idaho statute requires the contact to be "done with the intent

of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person, such minor child, or third party." These elements are substantially equivalent.

The remaining elements are not comparable, leaving "intent" as the only common element of the statute the SOR found to be the substantial equivalent of ORS section 163.415 (West 2001). First, the definition of sexual contact as used in the Oregon statute is distinctly different from the definition of a "lewd or lascivious act" in the Idaho statute. Oregon courts have indicated that a variety of body parts may be found "intimate" for purposes of its statute. *State v. Meyrovich*, 129 P.3d 729, 732–33 (Or. Ct. App. 2006) (neck); *State v. Miles*, 357 P.3d 522, 528 (Or. Ct. App. 2015) (legs and hips). Conversely, the definition of a lewd or lascivious act as used in Idaho only includes "genital-genital contact, oral-genital contact, anal-genital contact, oral-anal contact, manual-anal contact, or manual-genital contact" or similar conduct. *State v. Flegel*, 151 Idaho 525, 528, 261 P.3d 519, 522 (2011). Although the phrase "including but not limited to" in section 18-1508 suggests the list of enumerated lewd acts is non-exhaustive, this Court has previously explained that any unenumerated lewd act "must be the conduct of a like or similar class or character to the types of conduct specifically listed." *Id.* (citing *State v. Kavajecz*, 139 Idaho 482, 486–87, 80 P.3d 1083, 1087–88 (2003) (concluding touching or kissing the chest of a prepubescent girl did not constitute lewd conduct under section 18-1508)). Thus, while a "lewd or lascivious act" under section 18-1508 only extends to conduct like its enumerated lewd acts (all of which involve genital or anal contact), a "sexual contact" for purposes of the Oregon offense encompasses a broad range of conduct beyond strictly genital or anal touching. Therefore, these elements are not substantially equivalent.

With only one out of three elements being similar, Skehan's Oregon conviction is not substantially equivalent to Idaho Code section 18-1508. If Skehan's Oregon conviction is not substantially equivalent to an Idaho offense for which registration is required, he should not be subject to SORA's registration requirements. In my view, Skehan has established that the SOR's erroneous substantial equivalency determination prejudiced his substantial rights, namely, his liberty interest in being free from registering as a sex offender. *Neal v. Shimoda*, 131 F.3d 818, 830 (9th Cir. 1997).

Not only is ORS section 163.415 (West 2001) not the substantial equivalent of Idaho Code section 18-1508, it is more nearly the substantial equivalent of Idaho Code section 18-924, which

is also a misdemeanor (like ORS section 163.415) and it does not require registration as a sex offender (also similar to ORS section 163.415).

In determining which Idaho criminal statute is "substantially equivalent" the SOR failed to consider any offense that did not require sex offender registration. (By narrowing its inquiry in this way, the SOR excluded from consideration any offense that could be "substantially equivalent" but which would not require Skehan to register as a sex offender. In doing so, the SOR failed to comply with the statutory provision to determine substantial equivalency and at the same time acted arbitrarily and capriciously.)

Oregon Revised Statutes section 163.415 (West 2001) subjected a person to criminal liability for the crime of Sexual Abuse in the Third Degree in Oregon if:

(1) A person commits the crime of sexual abuse in the third degree if the person subjects another person to sexual contact and:
(a) The victim does not consent to the sexual contact; or
(b) The victim is incapable of consent by reason of being under 18 years of age.

Under Oregon law, "sexual contact" included any touching of the sexual or other intimate parts of a person or causing such person to touch the sexual or other intimate parts of the actor for the purpose of arousing or gratifying the sexual desire of either party. ORS § 163.305(6) (West 2001).

Idaho Code section 18-924 constitutes the crime of Sexual Battery. The crime of Sexual Battery in Idaho is defined as follows:

(1)   Sexual battery is any willful physical contact, over or under the clothing, with the intimate parts of any person, when the physical contact is done without consent and with the intent to degrade, humiliate or demean the person touched or with the intent of arousing, appealing to or gratifying the lust, passion or sexual desires of the actor or any other person. For purposes of this section, "intimate parts" means the genital area, inner thighs, buttocks or breasts.

I.C. § 18-924(1). Comparing ORS section 163.415 (West 2001) and Idaho Code section 18-924 shows there are three common elements between the two statutes: (1) the victim is "another" or "any" person; (2) both crimes involve physical contact with "intimate parts"; and (3) both charges require that the physical contact be without consent (and in Oregon, below the age of 18). Given that Idaho Code section 18-924 contains three similar elements with ORS section 163.415 and Idaho Code section 18-1508 bears similarity to only one element in common with ORS section 163.415, it is evident that Idaho Code section 18-924 is more nearly the "substantial equivalent" to ORS section 163.415. However, because the SOR did not consider any non-registerable offenses

18

in its analysis, it never considered Idaho Code section 18-924. In failing to even consider other Idaho statutes that do not require registration, the SOR engaged in an "apples" to "oranges" comparison that violated Skehan's substantive rights. For the reasons stated above, I respectfully dissent.