124 P.3d 999

**HILLCREST HAVEN CONVALESCENT CENTER, Petitioner–Respondent,**

v.

**IDAHO DEPARTMENT OF HEALTH AND WELFARE, Respondent–Appellant.**

No. 30987.

Supreme Court of Idaho, Idaho Falls, September 2005 Term.

Nov. 23, 2005.

Hon. Lawrence G. Wasden, Attorney General, Boise, for appellant. Willard R. Abbott argued.

Jones Chartered, Pocatello, for respondent. Jack H. Robison argued.

TROUT, Justice.

The Idaho Department of Health and Welfare (Department) appeals from a district court decision holding that a payment the Department owes to Hillcrest Haven Convalescent Center (Hillcrest) for property costs should not be decreased based on Hillcrest's occupancy level. We affirm the district court and hold that the Department cannot apply its occupancy adjustment factor to reduce Hillcrest's reimbursement for property costs for fiscal year 2001.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

Hillcrest is a free-standing skilled care nursing facility as defined in I.C. § 56–101(9)(a). Hillcrest provides long-term nursing care to patients and participates in the Medicaid reimbursement program. Free-standing facilities, like Hillcrest, are entitled to reimbursement for their costs incurred while providing care to Medicaid recipients, receiving a fixed payment for each day a Medicaid patient resides at the facility. This dispute centers on Hillcrest's reimbursement for property costs.

Hillcrest requested reimbursement for property costs from the Department for its fiscal year 2001 operations. Applying an occupancy adjustment factor from IDAPA Rule 16.03.10.123 (Rule 123), the Department reduced Hillcrest's reimbursement for property tax and property insurance by $5,048. Hillcrest requested an administrative hearing to challenge the Department's reduction of reimbursement. The hearing officer issued a preliminary order reversing the Department's decision. The Department then filed a petition for review with the Department Director who reversed the hearing officer's decision and entered a final agency order, concluding Hillcrest's reimbursement for property tax and property insurance was subject to the occupancy adjustment factor. Hillcrest appealed to the district court, which reversed the Department Director's order. The district court found that Rule 123 was ambiguous and construed it against the Department. The Department appeals.

## II.

### STANDARD OF REVIEW

■ "On appeal, we will review an agency's decision independent of the district court's determination." *McCoy v. State, Dep't of Health and Welfare*, 127 Idaho 792, 793, 907 P.2d 110, 111 (1995). Under the Idaho Administrative Procedure Act, an agency's decision must be affirmed unless the agency's findings, inferences, conclusions, or decisions are: (a) in violation of constitutional or statutory provisions; (b) in excess of the statutory authority of the agency; (c) made upon unlawful procedure; (d) not supported by substantial evidence on the record as a whole; or (e) arbitrary, capricious, or an abuse of discretion. I.C. § 67–5279(3).

## III.

### ANALYSIS

#### A. Application of Occupancy Adjustment Factor

Title 56, Chapter 1 of the Idaho Code governs reimbursement of nursing care facil-

ities. In addition to the statutes, the Department has been given statutory authority to adopt rules necessary to carry out the reimbursement of nursing care facilities. *See* I.C. §§ 56–135, 56–202(b) and 56–1005(8). Pursuant to that authority, the Department has promulgated "Rules Governing Medicaid Provider Reimbursement in Idaho." *See* IDAPA 16.03.10.

■ Hillcrest is entitled to reimbursement for property costs. I.C. § 56–108; IDAPA Rule 16.03.10.060 (1997). Rule 123 provides for an occupancy adjustment factor, which reduces reimbursement for fixed costs when a facility's average occupancy is less than eighty percent (80%). Rule 123 also explicitly provides that there will be no reductions to payments for property costs:

> In order to equitably allocate fixed costs to the Medicaid patients in cases where a facility is not maintaining reasonable occupancy levels, an adjustment will be made. *No occupancy adjustment will be made against property reimbursement paid in lieu of property costs.* . . .

IDAPA 16.03.10.123 (1985) (emphasis added). Property costs are clearly defined by statute and that term "means the total of allowable interest expense, plus depreciation, property insurance, real estate taxes, amortization and allowable lease/rental expenses. . . ." I.C. § 56–101(23). Therefore, according to the agency's own rule, the adjustment factor will not be applied against property costs, which include property taxes and insurance.

■ The Department argues that property reimbursement equates to property rental value, and therefore "property reimbursement paid in lieu of property costs" means that only those costs that are included in the property rental rate are prohibited from being adjusted. Referencing other agency rules, the Department asserts that property tax and property insurance are not included in the property rental rate and can therefore be adjusted. This is not what Rule 123 states nor is there any statutory authority that would provide that limitation. "This Court will not enforce a regulation that is, in effect, a rewriting of the statute." *Moses v. Idaho State Tax Comm'n*, 118 Idaho 676, 680, 799 P.2d 964, 968 (1990); *See also Rob-erts v. Transp. Dep't*, 121 Idaho 727, 731–32, 827 P.2d 1178, 1182–83 (stating "where, as here, the legislature enacts a statute requiring that an administrative agency carry out specific functions . . . that agency cannot validly subvert the legislation by promulgating contradictory rules.").

Moreover, in 2004, Rule 123 was amended and now specifically applies the occupancy adjustment to all costs other than those incorporated into property rental value: "No occupancy adjustment will be made against the costs that are used to calculate the property rental rate; however adjustment will be made against all other property costs." IDAPA 16.03.10.123 (2004). The new rule contains the language the Department is arguing should have applied before it was amended, indicating that the former version of Rule 123 did not so provide.

■ "If a statute is clear on its face, it is unnecessary to engage the tools of statutory construction." *State v. Barnes*, 124 Idaho 379, 380, 859 P.2d 1387, 1388 (1993). Administrative rules are subject to the same principles of statutory construction as statutes. *Mason v. Donnelly Club*, 135 Idaho 581, 21 P.3d 903 (2001). The plain language of the 2001 version of Rule 123 is unambiguous. The phrase "property reimbursement in lieu of property costs" simply provides that reimbursement of property costs shall be made in accordance with I.C. § 56–108. We affirm the district court's conclusion that the Department had no authority to apply the occupancy adjustment factor to Hillcrest's reimbursement for property taxes and insurance.

## B. Attorney's Fees

Hillcrest requests attorney's fees on appeal under I.C. § 12–117. Subsection one of that provision states:

> Unless otherwise provided by statute, in any administrative or civil judicial proceeding involving as adverse parties a state agency . . . the court shall award the prevailing party reasonable attorney's fees . . . if the court finds that the party against whom the judgment is rendered acted without a reasonable basis in fact or law.

Because the Department's arguments were not without a reasonable basis in fact or law, Hillcrest's request for attorney's fees on appeal is denied.

### IV.

### CONCLUSION

The Department erred in applying the occupancy adjustment factor to Hillcrest's property taxes and property insurance. This Court affirms the decision of the district court that the Department cannot apply its occupancy adjustment factor to reduce Hillcrest's reimbursement for property costs. We award costs on appeal to Hillcrest.

Chief Justice SCHROEDER and Justices EISMANN, BURDICK and JONES concur.