## IN THE SUPREME COURT OF THE STATE OF IDAHO
### Docket No. 47131

STATE OF IDAHO,                                  )
                                                 )
    Plaintiff-Respondent,                        )    **Boise, November 2019 Term**
                                                 )
  v.                                             )
                                                 )    **Opinion filed: May 6, 2020**
DAVID CHARLES GLODOWSKI,                          )
                                                 )    **Karel A. Lehrman, Clerk**
    Defendant-Appellant.                         )
                                                 )

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Scott Wayman, District Judge.

The district court's decision is affirmed.

Eric D. Fredericksen, State Appellate Public Defender, Boise, for Appellant. Andrea Waye Reynolds argued.

Lawrence G. Wasden, Idaho Attorney General, Boise, for Respondent. Kenneth Jorgensen argued.

_____

BURDICK, Chief Justice.

David Charles Glodowski appeals from the judgment of conviction entered against him for failing to update his sex-offender registration in violation of Idaho Code section 18-8309. He argues that the district court erred by ruling that his prior conviction under a Wisconsin statute was "substantially equivalent" to Idaho statutes that require sex-offender registration in Idaho. His appeal reaches this Court on petition for review after the Court of Appeals affirmed.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

In March 2006, Glodowski pleaded guilty to third-degree sexual assault in violation of Wis. Stat. § 940.225(3) (the "Wisconsin Conviction"). Wisconsin law required Glodowski to register as a sex offender in Wisconsin.

Nearly twelve years later, in January 2014, Glodowski relocated to Idaho. At some point in the six months following his relocation, the Idaho Bureau of Criminal Identification (the

1

"Bureau") reviewed his Wisconsin conviction to determine whether he was legally obligated to register as a sex offender in Idaho. On July 1, 2014, the Bureau issued a written decision informing Glodowski that he was required to register as a sex offender in Idaho. The Bureau found that Glodowski had been convicted of one count of third-degree sexual assault under Wis. Stat. § 940.225(3) and that the victim of that offense was 14 years old at the time. The Bureau concluded that the elements of Wisconsin's third-degree sexual-assault statute are "substantially equivalent" to Idaho Code section 18-1508 (prohibiting lewd conduct with a minor under sixteen). Concluding that the Wisconsin conviction equated to an aggravated offense under Idaho Code section 18-8303(1), the Bureau informed Glodowski that he would be ineligible to petition a district court to exempt him from the duty to register under Idaho Code section 18-8310. (If Glodowski had been convicted of an offense characterized as less than an "aggravated offense," he could have sought exemption from the obligation to register from a district court.) The Bureau served Glodowski with the decision by mail on the same day it was issued. The decision advised Glodowski that either he could file a motion for reconsideration or appeal the Bureau's decision to the district court within specified time frames.

Glodowski registered as a sex offender in Idaho. As part of his registration, Glodowski was required to return an address-verification form sent to his home every 4 months to confirm he was living at his listed address. In May 2016, a verification form sent to Glodowski's last reported address was returned as undeliverable. The State's investigation revealed that Glodowski's home appeared unoccupied and his last reported phone number had been disconnected. On July 7, 2016, Detective Todd Jackson was able to contact Glodowski via phone and asked him to come to the Kootenai County Sheriff's Office to update his registration. Around a half-hour later, Glodowski met Detective Jackson at the sheriff's office. Glodowski explained that he had moved to Post Falls, Idaho, in the last week of April and had changed his phone number in February. While there, he signed a written statement in which he admitted to failing to update his registration and filled out a form to update it. The State later charged Glodowski with "failure to notify of address change" in violation of Idaho Code section 18-8309.

Before trial, in an effort to prove that Glodowski was required to register in Idaho, the State filed a motion in limine seeking a pre-trial ruling that Glodowski's Wisconsin conviction is substantially equivalent to either Idaho Code section 18-1508 (prohibiting lewd conduct with a minor) or section 18-6101 (defining rape). The State's motion, memorandum in support, and

attachment are not included in the record on appeal. The district court held a telephonic hearing on the motion. The State explained that its motion was "just to get a pretrial ruling on whether the statute under which Mr. Glodowski was convicted in Wisconsin is substantially equivalent to an Idaho statute that would require him to register here in Idaho." The State argued that, even though the Wisconsin statute was broader than Idaho's rape statute, it was substantially equivalent because "in Idaho, rape is essentially nonconsensual intercourse" and the Wisconsin statute had similar subsections on consent. The State also referenced the Bureau's decision to explain why it advanced section 18-1508 as an additional ground to support the motion in limine. Glodowski objected and argued that the Wisconsin conviction was not substantially equivalent to either statute based on differences between statutory elements. He also argued that the State had not presented any underlying facts that could make the conviction substantially similar. The district court granted the State's motion by orally ruling that Glodowski's Wisconsin conviction is substantially equivalent to both Idaho Code sections 18-1508 and 18-6101 for purposes of sex-offender registration. It later entered a written order to that effect.

At the April 2017 trial, the State called two witnesses: Detective Jackson and Lynn Wolfe, the records specialist who processed Glodowski's updated registration on July 7, 2016. The State introduced four exhibits into evidence: (1) an annual "Sex Offender Registry" form that Glodowski filled out on January 13, 2016; (2) the Judgment of Conviction for his Wisconsin conviction; (3) Glodowski's written statement; and (4) an annual "Sex Offender Registry" form that Glodowski filled out on June 7, 2016. After the State rested, Glodowski unsuccessfully moved for acquittal and then rested his case without presentation of additional evidence. The district court instructed the jury that a violation of Wis. Stat. § 940.225(3) is substantially equivalent to Idaho Code sections 18-1508 and 18-6101. The jury returned a guilty verdict.

Glodowski timely appealed. He argued that the district court erred in ruling that a conviction under Wis. Stat. § 940.225(3) was substantially equivalent to Idaho Code sections 18-1508 and 18-6101. His appeal was assigned to the Court of Appeals, which affirmed, but determined that the district court was without authority to redetermine whether Glodowski's Wisconsin conviction was substantially equivalent to an Idaho offense requiring registration in light of the Bureau's final decision. This Court granted Glodowski's timely petition for review.

## II. STANDARD OF REVIEW

When considering a case on review from the Court of Appeals, we do "not merely review the correctness of the decision of the Court of Appeals." *State v. Young*, 138 Idaho 370, 372, 64 P.3d 296, 298 (2002) (citations omitted). Instead, "this Court acts as though it is hearing the matter on direct appeal from the decision of the trial court; however, this Court does give serious consideration to the decision of the Court of Appeals." *Id.*

"The trial court's judgment concerning admission of evidence shall 'only be disturbed on appeal when there has been a clear abuse of discretion.'" *State v. Hill*, 161 Idaho 444, 447, 387 P.3d 112, 115 (2016) (quoting *State v. Perry*, 150 Idaho 209, 218, 245 P.3d 961, 970 (2010)). Accordingly, such decisions are subject to the four-part *Lunneborg* standard:

> Whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason.

*Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

Whether an out-of-state conviction is "substantially equivalent" to an Idaho statute requiring sex-offender registration is a question of statutory interpretation, and thus, a question of law, over which this Court exercises free review. *Doe v. State*, 158 Idaho 778, 782, 352 P.3d 500, 504 (2015).

## III. ANALYSIS

The issues on appeal in this case evolved over its appellate lifetime. We find it necessary to explain how we reach the issue we decide in this opinion. As originally presented in the briefing, the issues on appeal were (1) whether the district court properly concluded that Glodowski's Wisconsin conviction is "substantially equivalent" to an Idaho offense requiring sex-offender registration under *Doe v. State*, 158 Idaho 778, 782, 352 P.3d 500, 504 (2015), and (2) whether the jury was properly instructed on the *mens rea* element of knowledge under Idaho Code section 18-8311(1).

We need not, and do not, address the jury-instruction issue. In its brief, the State argued that Glodowski cannot prevail on this issue under the invited-error doctrine because he asked for the complained-of instruction below. In his reply brief, Glodowski explicitly conceded that the State's argument is correct. We accept this concession. *See State v. Godwin*, 164 Idaho 903, 925,

436 P.3d 1252, 1274 (2019) (rejecting a challenge to a jury instruction requested by the complaining party). We express no opinion on the merits of this issue.

Glodowski's concession left the district court's substantially equivalent analysis as the only disputed issue in the briefing. However, the Court of Appeals decided the appeal on a different basis. Rather than addressing the substance of the district court's analysis, the Court of Appeals determined that the district court was without authority to conduct the analysis in the first place. Citing the lack of evidence in the record showing a successful appeal of the Bureau's final decision, the Court of Appeals reasoned that Glodowski could not collaterally attack the Bureau's prior determination. Thus, it reasoned, the district court did not have authority to redetermine that issue.

Glodowski's petition for review to this Court focused on whether the district court had authority to redetermine the Bureau's decision. This issue also dominated oral argument before this Court. As such, we address that issue and agree with the Court of Appeals that the district court should not have allowed the State to seek a redetermination of the Bureau's decision. We also take this occasion to outline what the proper procedure in this case should have been. And though we conclude that the procedure used in this case was incorrect, we find the error harmless, and affirm the judgment of conviction.

This case arises under Idaho's Sexual Offender Registration Notification and Community Right-to-Know Act ("SORA" or "the Act"). I.C. §§ 18-8301 to 8331. SORA "provides an essential regulatory purpose that assists law enforcement and parents in protecting children and communities." *Ray v. State*, 133 Idaho 96, 101, 982 P.2d 931, 936 (1999). The Act seeks "to aid law enforcement in the protection of their communities by requiring sex offenders to register with local law enforcement agencies." *State v. Zichko*, 129 Idaho 259, 261, 923 P.2d 966, 968 (1996). "[T]he fact of registration is not an additional punishment; it does not extend a sentence." *Ray*, 133 Idaho at 101, 982 P.2d at 936. While a registered sex offender may be the focus of suspicion and investigation, "the sex offender will still be afforded all due process and constitutional protections all citizens enjoy." *Id.*

This case centers on SORA's enforcement provisions. For those subject to registration, failure to comply with SORA's terms is a criminal offense punishable by a maximum of 10 years in prison and up to a $5,000 fine. I.C. § 18-8311(1) ("An offender subject to registration who knowingly fails to register, verify his address, or provide any information or notice as required

5

by this chapter shall be guilty of a felony . . . .”). By extension, offenders will be criminally liable if they violate SORA's "duty to update" provision which dictates that an offender subject to registration must provide notice of a change of address. I.C. § 18-8309(1). Specifically, the registered offender must notify the local sheriff's office, in person, within 2 days, if they change their name, address, or employment or student status. *Id.*

The enforcement provision requires that the defendant be an "offender subject to registration." *See* I.C. §§ 18-8311(1), -8309. SORA defines an "offender" as "an individual convicted of an offense listed and described in section 18-8304, Idaho Code, or a substantially similar offense under the laws of another jurisdiction . . . ." I.C. § 18-8303(11). SORA also provides that its provisions "shall apply to any person" who meets one of the following definitions:

> (a) On or after July 1, 1993, is convicted of the crime, or an attempt, a solicitation, or a conspiracy to commit a crime provided for in [listing various sections of the Idaho Code defining sex offenses, which includes I.C. §§ 18-1508 and 18-6101].

> (b) On or after July 1, 1993, has been convicted of any crime, an attempt, a solicitation or a conspiracy to commit a crime in another jurisdiction or who has a foreign conviction that is substantially equivalent to the offenses listed in paragraph (a) of this subsection and enters this state to establish residence or for employment purposes or to attend, on a full-time or part-time basis, any public or private educational institution including any secondary school, trade or professional institution or institution of higher education.

> (c) Has been convicted of any crime, an attempt, a solicitation or a conspiracy to commit a crime in another jurisdiction, including military courts, that is substantially equivalent to the offenses listed in paragraph (a) of this subsection and was required to register as a sex offender in any other state or jurisdiction when he established residency in Idaho.

I.C. § 18-8304(1).

The Idaho State Police ("ISP") has broad authority to implement SORA's terms and the sex-offender registry. *See*, *e.g.*, I.C. § 18-8304(4) ("The department shall have authority to promulgate rules to implement the provisions of this chapter."); I.C. § 18-8305. In 2011, ISP promulgated rules defining "substantially equivalent or similar" and delegated the "substantially equivalent" determination to the Bureau of Criminal Identification.[1]

---

[1] Glodowski makes no challenge to the validity of these rules. How the substantially equivalent determinations were made prior to 2011 is unclear from the record.

When the Bureau issued its decision on Glodowski's status, ISP's Rules Governing the Sex Offender Registry provided as follows:

08. Determinations of Substantially Equivalent or Similar Crime.

a. A person convicted of a sex offense in another jurisdiction and who moves to Idaho may be required to register as a sex offender in Idaho pursuant to Title 18, Chapters 83 or 84, Idaho Code.

b. The bureau shall determine if a person's out-of-jurisdiction conviction is substantially equivalent or similar to an Idaho sex related offense, as defined by Idaho's Criminal Code, for the purposes of requiring a person to register in Idaho.

c. The bureau's decision is an agency action as defined by Chapter 52, Title 67, Idaho Code.

i. Judicial review of the bureau's decision shall be made in accordance with Chapter 52, Title 67, Idaho Code.

IDAPA 11.10.03.012.08 (2014). The Rules also defined "substantially equivalent or similar" to mean "any sex offense related crime, regardless of whether a felony or misdemeanor, that consists of similar elements defined in Title 18 of the Idaho Criminal Code" and specified that it "does not mean exactly the same, nor exactly identical to." IDAPA 11.10.03.010.05 (2014).

Here, the Bureau entered a final agency action determining that Glodowski was required to register in Idaho. Its ruling included a determination that Glodowski's Wisconsin conviction is "substantially equivalent" to Idaho Code section 18-1508. Because the Bureau has authority to make the "substantially equivalent" determination, *see* IDAPA 11.10.03.010.05.08.b (2014), if Glodowski wished to contest it, he was required to obtain judicial review by complying with IDAPA. *See* IDAPA 11.10.03.012.08.a.c.i (2014) (citing I.C. § 67-5201 to § 67-5292). As noted in the Bureau's final decision, complying with IDAPA includes abiding by its time limits for contesting the decision. Thus, Glodowksi was required to file an appeal to the district court within twenty-eight days of the final order's service date, within twenty-eight days of an order denying reconsideration, or within twenty-one days of the agency's failure to act on a petition for reconsideration, whichever would be later. I.C. §§ 67-5273(2), -5246(4). Glodowski did not appeal this determination, or, at the very least, did not successfully appeal this determination, because Glodowski does not dispute that he registered as a sex offender with ISP's central registry. Nothing in the record indicates that Glodowski took any steps to dispute the Bureau's determination until almost two years later when the State filed its motion in limine.

7

The failure to timely appeal a final agency action leaves a district court without subject-matter jurisdiction to hear a direct attack on the decision. *See* I.C. § 67-5273; I.R.C.P. 84(n); *Grand Canyon Dories, Inc. v. Idaho State Tax Comm'n*, 121 Idaho 515, 516, 826 P.2d 476, 477 (1992) ("Filing of an appeal with the district court from an administrative or governmental agency, body, or board within the time allowed by our rules of civil procedure or by statute is jurisdictional."). Here, the district court had independent subject-matter jurisdiction over Glodowski's criminal case as the State sought to enforce SORA's requirements. *See State v. Rogers*, 140 Idaho 223, 228, 91 P.3d 1127, 1132 (2004) ("The information, indictment, or complaint alleging an offense was committed within the State of Idaho confers subject matter jurisdiction upon the court . . . once acquired by the court, jurisdiction continues until extinguished by some event.") (citations omitted).

Nevertheless, as a consequence of his failure to successfully appeal the Bureau's decision, Glodowski may not collaterally attack the Bureau's determination in his subsequent criminal trial for failure comply with SORA's requirements. *Cf. Cobbley v. City of Challis*, 143 Idaho 130, 133, 139 P.3d 732, 735 (2006). Where, as here, the Bureau has made a substantially equivalent determination for purposes of sex-offender registration, whether the offender's out-of-state conviction is "substantially equivalent" to an Idaho offense requiring registration is an adjudicated fact. To prove this element at trial, the State may present to the jury a certified copy of the Bureau's determination. The offender may then present evidence of a successful appeal, or proof that he has been released from the registration requirement under Idaho Code section 18-8310.

While this was not the procedure followed in this case, the record convinces us that the procedure followed below rendered the error harmless. Glodowski's asserted error centers on the district court's analysis. However, if Glodowski had proof of a successful appeal, he would have undoubtedly chosen to oppose the State's motion with that evidence or would have produced it at trial. Because Glodowski's offense carried a lifetime registration requirement, he could not produce an order showing that he was released from SORA's requirements. So while Glodowski focuses on the district court's analysis, the only byproduct of that analysis at trial was a jury instruction establishing that Glodowski's Wisconsin conviction was substantially equivalent to Idaho crimes requiring registration. That instruction conclusively established the same fact that

8

admitting a certified copy of the Bureau's decision would have. Thus, granting the State's motion in limine was harmless error. *State v. Perry*, 150 Idaho 209, 224, 245 P.3d 961, 976 (2010).

We reach this conclusion despite Glodowski's argument that the Bureau's final decision only appears in the Pre-Sentence Investigation Report compiled for sentencing and was not presented at trial. On the record presented to us, we must infer the State properly presented the Bureau's decision to the district court because Glodowski has failed to produce the State's motion in limine for appellate review. *Gibson v. Ada Cty.*, 138 Idaho 787, 790, 69 P.3d 1048, 1051 (2003) ("When a party appealing an issue presents an incomplete record, this Court will presume that the absent portion supports the findings of the district court.") (citing *Orthman v. Idaho Power*, 134 Idaho 598, 603, 7 P.3d 207, 212 (2000)). The appellant bears the burden of producing an adequate appellate record demonstrating reversible error. *See id.* ("When a record or exhibit not included in the record on appeal is unavailable to the party who wishes to make it part of the record for appeal, it is incumbent on that party to move the district court, or petition this Court, to order augmentation of the record on appeal with the relevant record(s) or exhibit(s).") (citing *State v. Hosey*, 134 Idaho 883, 888, 11 P.3d 1101, 1106 (2000)).

The record shows that the State possessed the Bureau's decision prior to the motion-in-limine hearing because it referenced the decision during that hearing. ("I also put in my motion the Code Section for lewd and lascivious conduct. That is what the Bureau of Criminal Identification determined the statute was similar to.") The record also shows that the State submitted documents along with its motion and memorandum because, at the same hearing, Glodowski's counsel asked the district court whether it had received an attachment the State submitted with its motion. ("In looking—first I would ask if the Court received the State's copy of the Wisconsin Act. Did the Court receive that?" / THE COURT: "I received whatever the— was submitted as far as the brief and the motion.") As such, we know that the motion, memorandum, and attachments were extant and served on Glodowski and the Court, even though they do not appear in the ROA report. Thus, we presume the State advanced the Bureau's decision as part of its motion in limine.

### IV.    CONCLUSION

In light of the above, we conclude that the district court improperly allowed the State to seek a redetermination of the "substantially equivalent" element given that the Bureau made a final determination on that element. However, because the State put forth sufficient evidence to

9

prove that element, and the district court's jury instruction accomplished the same purpose, we conclude that the error was harmless. Accordingly, we find no reversible error in the district court's decision to grant the State's motion and provide the jury instruction. We affirm the judgment of conviction.

Justices BRODY, BEVAN, STEGNER, and MOELLER **CONCUR**.