**IN THE SUPREME COURT OF THE STATE OF IDAHO**

**Docket No. 50737**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Boise, June 2025 Term** |
| | ) | |
| **v.** | ) | **Opinion filed: July 1, 2025** |
| | ) | |
| **DAMON VICTOR CRIST,** | ) | **Melanie Gagnepain, Clerk** |
| | ) | |
| **Defendant-Appellant.** | ) | |
| _____ | ) | |

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. James Cawthon, District Judge.

The decision of the district court is <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender, Boise, for Appellant. Jacob Westerfield argued.

Raúl R. Labrador, Idaho Attorney General, Boise, for Respondent. Ken Jorgensen argued.

_____

BRODY, Justice.

This permissive appeal arises under Idaho's Sexual Offender Registration Notification and Community Right-to-Know Act ("SORA") and concerns a magistrate court's authority to determine whether a nonresident had a duty to register in Idaho as a sex offender due to an out-of-state conviction. Damon Victor Crist contends the district court erred in denying his motion to dismiss a failure to register charge because Idaho law did not permit the magistrate court to determine that his out-of-state kidnapping conviction was substantially equivalent to Idaho's second degree kidnapping law, Idaho Code section 18-4503, for purposes of determining whether Crist was required to register. He argues that SORA's administrative scheme exclusively authorizes the Idaho State Police's Bureau of Criminal Identification to make that determination and, therefore, there was insufficient probable cause to bind the defendant over to the district court. Alternatively, he argues that SORA's statutory and administrative scheme should be deemed void for vagueness. For the reasons set forth below, we affirm the decision of the district court.

1

## I.   FACTUAL AND PROCEDURAL BACKGROUND

When a convicted sex offender enters Idaho to establish residency or for employment purposes, SORA requires nonresidents to register with the state's central sexual offender registry (the "Registry"). This duty arises when a sex offender has been convicted of any crime in another jurisdiction that is "substantially equivalent" to an Idaho offense that requires registration. I.C. § 18-8304(1)(b). Section 18-8305 of the Idaho Code directs the Idaho State Police ("ISP") to maintain the Registry, and ISP, in turn, has tasked its Bureau of Criminal Identification ("the Bureau") with responsibility for administering the Registry. *Skehan v. Idaho State Police*, 173 Idaho 321, 325, 541 P.3d 679, 683 (2024) (citing IDAPA 11.10.03.012.01).

In 2006, Crist pled guilty to first-degree kidnapping in violation of Utah Code section 76-5-301.1 (the "Utah Conviction"). Utah law required Crist to register with Utah's Sex and Kidnap Offender Registry. Nearly sixteen years later, in June 2022, Crist was hired by a commercial general contracting firm based in Utah as a project manager. One month later, he was assigned to manage a construction project for a car wash in Meridian, Idaho, and was physically present at that job site on July 20 or 21, 2022. According to his employer's testimony during the preliminary hearing, Crist's plan was to be in Meridian "one to two days a week[,]" and Crist stayed in an apartment in Meridian that the company was leasing month-to-month for project team members. At no time prior to being charged with the instant offense did Crist seek a determination from the Bureau whether his Utah Conviction was substantially equivalent to an Idaho offense for registration purposes.

Sometime in August 2022, an identified, confidential informant ("C.I.") sent an email tip to ISP's Registry, alleging that Crist had fled from an automobile collision that occurred near the job site in Meridian. This email was referred to the Meridian Police Department ("MPD"). During an investigation, an MPD officer discovered that Crist had a vehicle registered under his name that matched the description of the vehicle involved in the collision. The officer also discovered that Crist was an active registrant with Utah's Registry. After reviewing news articles relating to the conviction and contacting an employee with Idaho's Registry, the officer determined that Crist's Utah conviction required Crist to register as a sex offender in Idaho. Thereafter, the officer arrested Crist for failing to register as a sex offender.

The State subsequently charged Crist with "failure to register" pursuant to Idaho Code sections 18-8307(4)(b) and -8311. Section 18-8307(4)(b) provides in relevant part: "A nonresident

required to register pursuant to section 18-8304(1)(b), Idaho Code, shall register with the sheriff of the county where employed . . . within two (2) working days of the commencement of employment . . . ." I.C. § 18-8307(4)(b). Section 18-8311(1) further provides that the "failure to comply with SORA's terms is a criminal offense punishable by a maximum of 10 years in prison and up to a $5,000 fine." *State v. Glodowski*, 166 Idaho 771, 775, 463 P.3d 405, 409 (2020) (citing I.C. § 18-8311(1)).

Following a preliminary hearing, the magistrate court found probable cause and bound Crist over for trial on both counts. Pertinent here, the magistrate court determined that Crist's Utah kidnapping conviction was "substantially conforming" to Idaho's second-degree kidnapping offense, which is an offense subject to registration in Idaho. I.C. § 18-8304(1)(a). The magistrate court further determined that, after Crist accepted employment in Idaho, he had "an obligation to register or to make some kind of inquiry into whether he needed to register" pursuant to Idaho Code section 18-8307(4)(b) because Crist "knew he was under the requirement in Utah to register, and he knew that he would be coming to Idaho . . . for at least a few days every week." Accordingly, the magistrate court concluded that there was probable cause to believe Crist did not timely register as a sex offender.

Thereafter, Crist filed a motion to dismiss the failure to register charge in the district court. He first argued that he was not required to register as a sex offender until the Bureau made a formal determination that his crime was substantially equivalent to an Idaho registrable offense. In support of his position, Crist relied on IDAPA 11.10.03.012.07.b, which states: "[t]he bureau shall determine if a person's out-of-jurisdiction conviction is substantially equivalent or similar to an Idaho sex related offense, as defined by Idaho's Criminal Code, for the purposes of requiring a person to register in Idaho." IDAPA 11.10.03.012.07.b (2022). Because the Bureau had not made such a determination, he argued the magistrate court's independent determination that Crist's Utah Conviction required his registration in Idaho was improper. Second, Crist argued he lacked proper notice of his duty to register in Idaho and that Idaho Code section 18-8304(1)(b) was unconstitutionally vague as applied to his conduct. The State objected, arguing that SORA plainly required Crist to register, and the Bureau did not need to make a formal agency determination of whether Crist had a duty to register or provide Crist thereof prior to his arrest.

The district court agreed with the State and denied Crist's motion to dismiss, concluding that SORA's enforcement provisions did not necessitate a substantial equivalency determination

from the Bureau. It further noted that ignorance of the law was not a defense, and that Crist had been on the Utah Registry for well over a decade and he was not ignorant of his registration requirements given that he had repeatedly signed the Utah registration documents that informed him of his duty to notify authorities if he left Utah for work purposes. After receiving permission from the district court and this Court, Crist filed a timely notice of appeal.

## II.  STANDARDS OF REVIEW

"The decision of a magistrate that there exists probable cause to bind a defendant over to district court for trial on the charges should be overturned only on a showing that the committing magistrate abused his discretion." *State v. Rodriguez*, ___ Idaho ___, ____, 559 P.3d 1199, 1205 (2024) (quoting *State v. Owens*, 101 Idaho 632, 636, 619 P.2d 787, 791 (1979)). "Likewise, this Court reviews a decision on motion to dismiss for an abuse of discretion." *Id.* (citation omitted).

> Accordingly, we will overturn a magistrate court's decision that probable cause exists "only on a clear showing that the committing magistrate abused his discretion." *State v. Schall*, 157 Idaho 488, 491, 337 P.3d 647, 650 (2014). The denial of a motion to dismiss following a preliminary hearing will likewise "not be disturbed on appeal if, under any reasonable view of the evidence including permissible inferences, it appears likely that an offense occurred and that the accused committed it." *Id.* (quoting *State v. Holcomb*, 128 Idaho 296, 299, 912 P.2d 664, 667 (Ct. App. 1995)). However, "[e]ven if evidence was admitted in error, this Court will not grant relief if [it] find[s] the error to be harmless." *State v. Stanfield*, 158 Idaho 327, 331, 347 P.3d 175, 179 (2015).

*State v. Al Muthafar*, 174 Idaho 882, ___, 560 P.3d 1029, 1035 (2024) (alterations in original). When reviewing a lower court's decision for an abuse of discretion, this Court must analyze: "[w]hether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason." *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

"Issues of constitutional and statutory interpretation are questions of law and are reviewed by this Court de novo." *State v. Barr*, 174 Idaho 392, ___, 555 P.3d 1082, 1084 (2024) (quoting *State v. Winkler*, 167 Idaho 527, 529, 473 P.3d 796, 798 (2020)).

## III.  ANALYSIS

**A.  The district court correctly concluded that the magistrate court had the authority to determine whether Crist's Utah Conviction was substantially equivalent to an Idaho offense for registration purposes.**

4

On appeal, Crist challenges the district court's denial of his motion to dismiss his failure to register charge. Crist maintains that SORA's statutory and administrative scheme exclusively authorized the Bureau to determine whether a nonresident's out-of-state conviction is substantially equivalent to Idaho offenses that require compliance with SORA and, once the Bureau makes that determination, it is also the Bureau's responsibility to expressly notify a nonresident offender that he or she must register. Because the Bureau had not made such a determination (or given him notice of his duty to register), Crist argues that the magistrate court's independent determination that Crist's Utah Conviction required registration in Idaho was improper. In support of this argument, Crist cites to IDAPA 11.10.03.012.07.b, and the ruling of the U.S. District Court for the District of Idaho in *Doe v. Wasden*, 558 F. Supp. 3d 892 (D. Idaho 2021). For the reasons discussed below, we conclude the magistrate court properly determined that Crist's Utah Conviction was substantially equivalent to an Idaho offense for registration purposes.

SORA established a notification and registration scheme for individuals convicted of certain enumerated sex offenses. Act of Mar. 27, 1998, ch. 411, 1998 Idaho Sess. Laws 1275–98 (codified as amended at I.C. §§ 18-8301 to 18-8331). "SORA provides an essential regulatory purpose that assists law enforcement and parents in protecting children and communities." *State v. Glodowski*, 166 Idaho 771, 775, 463 P.3d 405, 409 (2020) (internal quotation marks omitted) (citation omitted). "The Act seeks 'to aid law enforcement in the protection of their communities by requiring sex offenders to register with local law enforcement agencies.' " *Id*. (quoting *State v. Zichko*, 129 Idaho 259, 261, 923 P.2d 966, 968 (1996)). "[T]he fact of registration is not an additional punishment; it does not extend a sentence." *Id*. (alteration in original) (citation omitted). "While a registered sex offender may be the focus of suspicion and investigation, 'the sex offender will still be afforded all due process and constitutional protections all citizens enjoy.' " *Id*. (internal quotation marks omitted) (citation omitted).

This case focuses on the interpretation of SORA's registration requirements. "The objective of statutory interpretation is to derive the intent of the legislative body that adopted the act." *State v. Hoover*, ___ Idaho ___, ___, 564 P.3d 371, 375 (2025) (quoting *State v. Dunlap*, 155 Idaho 345, 361–62, 313 P.3d 1, 17–18 (2013)). "We begin statutory interpretation with the literal language of the statute, giving words their plain, usual, and ordinary meanings." *Id*. (quoting *State v. Burke*, 166 Idaho 621, 623, 462 P.3d 599, 601 (2020)). "In interpreting a statute, 'provisions are

5

interpreted within the context of the whole statute, not as isolated provisions.' " *Id*. (quoting *Burke*, 166 Idaho at 623, 462 P.3d at 601).

Among the different circumstances for which one is required to register as a sex offender under SORA, only two are relevant to this case. First, an individual has a duty to register if convicted of one of the crimes enumerated in Idaho Code section 18-8304(1)(a). I.C. §§ 18-8304(1)(a), -8306. Pertinent here, an individual convicted of second degree kidnapping under Idaho Code section 18-4503 is required to register. I.C. § 18-8304(1)(a). In this situation, the duty to register is "triggered" "solely on the fact of conviction of a predicate offense." *Smith v. State*, 146 Idaho 822, 828, 203 P.3d 1221, 1227 (2009).

Second, an individual has a duty to register if convicted of any crime in another jurisdiction that is "substantially equivalent" to an Idaho offense enumerated in section 18-8304(1)(a) and enters the state to establish residency, for employment purposes, or to attend any public or private educational institution. I.C. § 18-8304(1)(b). Section 18-8304(1)(b) states:

> (1) The provisions of this chapter shall apply to any person who:
>
> . . . .
>
> > (b) [H]as been convicted of any crime, an attempt, a solicitation or a conspiracy to commit a crime in another jurisdiction, including military courts, or who has a foreign conviction that is substantially equivalent to the offenses listed in paragraphs (a) and (f) of this subsection and enters this state to establish residence or for employment purposes or to attend, on a full-time or part-time basis, any public or private educational institution including any secondary school, trade or professional institution or institution of higher education.

I.C. § 18-8304(1)(b) (2022). "A nonresident required to register pursuant to section 18-8304(1)(b) . . . shall register . . . within two (2) working days of the commencement of employment or enrollment as a student in an educational institution, provided that nonresidents . . . supervising or working with minors in any way . . . must register prior to the commencement of such employment." I.C. § 18-8307(4)(b).

"SORA does not define 'substantially equivalent.' " *Skehan v. Idaho State Police*, 173 Idaho 321, 331, 541 P.3d 679, 689 (2024) (citing I.C. § 18-8303). "However, SORA provides that the ISP 'shall have authority to promulgate rules to implement the provisions of this chapter.' " *Id*. (quoting I.C. § 18-8304(4)); *see also Glodowski*, 166 Idaho at 776, 463 P.3d at 410 (recognizing that the ISP "has broad authority to implement SORA's terms and the sex-offender registry" (citing I.C. §§ 18-8304(4), 18-8305)).

The ISP has "promulgated 'Rules Governing the Sex Offender Registry' ('Registry Rules')" for administration of the Registry." *Doe v. State*, 158 Idaho 778, 782, 352 P.3d 500, 504 (2015) (citing IDAPA 11.10.03 *et seq.*). Under the Registry Rules, a "substantially equivalent" crime means "[a]ny sex offense related crime, regardless of whether a felony or misdemeanor, that consists of similar elements defined in Title 18 of the Idaho Criminal Code. It does not mean exactly the same, nor exactly identical to." IDAPA 11.10.03.010.02 (2022). In 2011, ISP promulgated a rule that "delegated the 'substantially equivalent' determination to the Bureau of Criminal Identification." *Glodowski*, 166 Idaho at 776, 463 P.3d at 410. This Registry Rule states in relevant part:

> b. *The bureau shall determine if a person's out-of-jurisdiction conviction is substantially equivalent or similar to an Idaho sex related offense*, as defined by Idaho's Criminal Code, *for the purposes of requiring a person to register in Idaho.*
>
> . . .
>
> d. If a person seeks a substantially equivalent determination by the bureau before moving to, working in, or becoming a student in Idaho, that person shall provide a completed application and attach certified copies of all above-named documents to the bureau.

IDAPA 11.10.03.012.07.a–.d (2022) (emphasis added).

Because ISP delegated the substantially equivalent determination to the Bureau under IDAPA 11.10.03.012.07.b, Crist contends that the Bureau has *exclusive* authority to make this determination and, therefore, his duty to register was never triggered. We disagree.

First, Crist's argument is unsupported by the plain language of sections 18-8304(1)(b) and 18-8307(4)(b). Section 18-8304 requires a nonresident to register if he: (1) has an out-of-state conviction, (2) that is substantially equivalent to a registrable offense in Idaho, and (3) enters the state for employment purposes. I.C. § 18-8304(1)(b). And section 18-8307(4)(b) requires, in pertinent part, that persons must register within two working days of the commencement of employment. I.C. § 18-8307(4)(b). Critically, neither statute contains language that predicates a nonresident's duty to register on the Bureau's determination that a foreign conviction is substantially equivalent to a registrable Idaho offense or on the nonresident's receipt of notice that his out-of-state conviction was deemed substantially equivalent. Instead, under section 18-8304(1)(b), the nonresident's duty to register is triggered whenever an out-of-state conviction is substantially equivalent to a registrable offense in Idaho and the nonresident enters into Idaho for employment purposes.

7

Second, to the extent IDAPA 11.10.03.012.07.b could be read to support Crist's position, SORA's provisions control to the exclusion of the Registry Rule. "IDAPA rules and regulations are traditionally afforded the same effect of law as statutes." *Huyett v. Idaho State Univ.*, 140 Idaho 904, 908, 104 P.3d 946, 950 (2004) (citing *Roeder Holdings, L.L.C. v. Bd. of Equalization of Ada Cnty.*, 136 Idaho 809, 813, 41 P.3d 237, 241 (2001), *abrogated on other grounds by Ada Cnty. Bd. of Equalization v. Highlands, Inc.*, 141 Idaho 202, 108 P.3d 349 (2005)). However, "[i]n the absence of valid statutory authority, an administrative agency may not, under the guise of a regulation, substitute its judgment for that of the legislature or exercise its sublegislative powers to modify, alter, enlarge or diminish provisions of a legislative act that is being administered." *Roeder Holdings, L.L.C.*, 136 Idaho at 813, 41 P.3d at 241 (citation omitted).

As set forth above, ISP derived its authority to promulgate rules to implement the provisions of SORA from Idaho Code section 18-8304(4). Section 18-8305 further required ISP to adopt rules for operating the registry:

> The department shall adopt rules relating to providing notice of address changes to law enforcement agencies, developing forms, operating the central registry, reviewing and correcting records, and expunging records of persons who are deceased, whose convictions have been reversed or who have been pardoned, and those for whom an order of expungement or relief from registration has been entered pursuant to section 18-8310, Idaho Code.

I.C. § 18-8305(2). However, nothing in these authorizing statutes vests ISP (or the Bureau) with exclusive authority to decide whether an out-of-state conviction is substantially equivalent to a registrable offense in Idaho, or to mandate that such a determination by ISP (or notice thereof) is a prerequisite to a nonresident offender's duty to register. If these requirements were inserted into SORA's enforcement provisions by the Registry Rules as Crist contends, the rules would effectively permit sex offenders to enter Idaho without any notification and remain and work without registration until discovered by law enforcement. The offenders would have no duty to notify or to register until after the Bureau made its determination and provided notice thereof. This interpretation of SORA's enforcement scheme conflicts with the plain language of sections 18-8304(1)(b) and 18-8307(4)(b), as discussed above. "This Court will not enforce a regulation that is, in effect, a rewriting of the statute." *Hillcrest Haven Convalescent Ctr. v. Idaho Dep't of Health & Welfare*, 142 Idaho 123, 125, 124 P.3d 999, 1001 (2005) (citation omitted).

Finally, the magistrate court "had independent subject-matter jurisdiction over [Crist]'s criminal case as the State sought to enforce SORA's requirements." *Glodowski*, 166 Idaho at 777,

8

463 P.3d at 411; *see also State v. Rogers*, 140 Idaho 223, 228, 91 P.3d 1127, 1132 (2004) ("The information, indictment, or complaint alleging an offense was committed within the [s]tate of Idaho confers subject matter jurisdiction upon the court" and "once acquired by the court, jurisdiction continues until extinguished by some event." (citations omitted)). Because the substantial equivalency determination "is a question of law necessary to determination of the case[,]" *Doe*, 158 Idaho at 782, 352 P.3d at 504, it follows that the magistrate court would also have authority to make legal conclusions insofar as those conclusions necessarily attend its task to determine whether a defendant is an "offender subject to registration" pursuant to Idaho Code section 18-8311(1).

To support his interpretation of SORA's statutory and administrative scheme, Crist cites *Doe v. Wasden*, 558 F. Supp. 3d 892, 901 (D. Idaho 2021). He also cites the decision of a sister district court in Ada County: Memorandum Decision and Order Granting Defendant's Motion to Dismiss, *State v. Beach*, No. CR01-22-12609 (Ada Cnty. D. Ct., Idaho Nov. 28, 2022). However, Crist's reliance on these cases is misplaced.

In *Doe*, two plaintiffs challenged Idaho's requirement that they register as sex offenders for their pre-*Lawrence v. Texas*, 539 U.S. 558 (2003), crime against nature convictions. 558 F. Supp. at 902. Pertinent here, Doe was charged with "unlawfully, willfully, and feloniously . . . commit[ing] a crime against nature on [his wife], to wit: oral sex." *Id*. at 899 (last alteration in original). After Doe moved to Idaho, the Bureau reviewed police reports and other documents associated with Doe's criminal case (which occurred over 20 years prior) and subsequently notified Doe that he was required to register under SORA. *Id* at 899–900, 912. Doe subsequently sought a preliminary injunction to enjoin the state from requiring Doe to register as a sex offender. *Id*. at 899. The federal district court granted the injunction, holding that the State violated Doe's due process rights. *Id* at 910–11. In so doing, the court detailed the statutory and administrative scheme behind SORA, which included a sentence that stated: "[r]esponsibility for determining whether an out-of-state sex crime conviction is 'substantially equivalent' to an 18-8304(1)(a) crime falls on ISP's Bureau of Criminal Identification." *Id*. at 901 (citing IDAPA 11.10.03.012). However, as discussed above, IDAPA 11.10.03.012 does not support Crist's argument. Furthermore, it is unclear why Crist would claim this single sentence, in a case which did not concern a court's authority to make a substantial equivalency determination, would carry any persuasive weight.

In *Beach*, a different Ada County district judge granted a motion to dismiss a failure to register charge after concluding that only ISP was authorized to determine whether a nonresident's out-of-state conviction is substantially equivalent to Idaho offenses and that, "[o]nce ISP makes that determination, it is also ISP's responsibility to explicitly notify a nonresident offender now living in Idaho that he or she must register pursuant to SORA." Mem. Decision & Order Granting Def.'s Mot. to Dismiss at 5, *Beach* (No. CR01-22-12609). In support of these conclusions, the district court cited to IDAPA 11.10.03.012.07.b, *Glodowski*, and *Doe*. However, for the reasons set forth above, IDAPA 11.10.03.012.07.b, *Glodowski*, and *Doe* do not support Crist's argument.

For these reasons, we conclude that a nonresident's duty to register as a sex offender is triggered by the fact of an out-of-state conviction that is substantially equivalent to a registrable offense in Idaho and entry into Idaho to establish residency, for employment purposes, or to attend a public or private educational institution. If a nonresident is uncertain of his registration requirements, the Registry Rules provide an avenue to seek a determination from the Bureau in the first instance under IDAPA 11.10.03.012.07.d. However, because we conclude that the Bureau's authority is not exclusive, the district court correctly concluded that the magistrate court had the authority to determine whether Crist's Utah Conviction was substantially equivalent to an Idaho registrable offense.

**B.    Idaho Code section 18-8304(1)(b) and IDAPA 11.10.03.012.07 are not void for vagueness as applied to Crist.**

As an alternative argument, Crist argues that SORA's statutory and regulatory scheme for nonresidents is void for vagueness as applied to him. First, he argues the SORA scheme failed to provide him with adequate notice that his conduct may constitute a crime because the use of the term "may" in IDAPA 11.10.03.012.07.a "only denotes a possibility" that he has an obligation to register and also grants the Bureau "discretionary authority." The Registry Rule states: "[a] person convicted of a sex offense in another jurisdiction and who moves to, works in, or becomes a student in Idaho *may* be required to register as a sex offender in Idaho pursuant to Title 18, Chapters 83 or 84, Idaho Code." IDAPA 11.10.03.012.07.a (2022) (emphasis added). He alleges that the "language in the statute and rules at issue" is ambiguous because an ordinary person would not understand that he was required to register until the Bureau made a determination otherwise. Second, he argues section 18-8304(1)(b) and IDAPA 11.10.03.012.07 "fail to provide sufficient guidelines such that the police have unbridled discretion in determining whether to arrest Mr. Crist for this failure to register offense." For the reasons set forth below, we conclude SORA's statutory

and regulatory scheme provided fair notice to Crist and does not grant law enforcement unbridled discretion when enforcing SORA's terms.

"The Due Process Clause of the federal Constitution embodies the principle of void-for-vagueness, which is that a statute which either forbids or requires the doing of an act in terms so vague that people of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law." *Walsh v. Swapp Law, PLLC*, 166 Idaho 629, 641, 462 P.3d 607, 619 (2020) (quoting *Haw v. Idaho State Bd. of Med.*, 140 Idaho 152, 157, 90 P.3d 902, 907 (2004)). "A statute is void for vagueness if it fails to give adequate notice to people of ordinary intelligence concerning the conduct it proscribes, or if it invites arbitrary and discriminatory enforcement." *State v. Cook*, 165 Idaho 305, 309, 444 P.3d 877, 881 (2019) (quoting *State v. Cobb*, 132 Idaho 195, 197, 969 P.2d 244, 246 (1998)). "A statute may be challenged as unconstitutionally vague on its face or as applied to a defendant's conduct." *Id*. at 309–10, 444 P.3d at 881–82 (citation omitted).

Vagueness "as applied" can be shown in two separate ways:

> To succeed on an "as applied" vagueness challenge, a complainant must show that the statute, as applied to the defendant's conduct, failed to provide fair notice that the defendant's conduct was proscribed or failed to provide sufficient guidelines such that the police had unbridled discretion in determining whether to arrest him [or her].

*Id.* at 310, 444 P.3d at 882 (alteration in original) (citation omitted). "When analyzing vagueness, '[t]he words of a statute alleged to be unconstitutionally vague should not be evaluated in the abstract, but should be considered in reference to the particular conduct of the defendant challenging the statute.' " *Id.* (first quoting *State v. Larsen*, 135 Idaho 754, 757, 24 P.3d 702, 705 (2001); then citing *State v. Marek*, 112 Idaho 860, 736 P.2d 1314 (1987)). "Those words 'are given their commonly understood, everyday meanings, unless the legislature has provided a definition.' " *Id*. (quoting *Larsen*, 135 Idaho at 757, 24 P.3d at 705).

Contrary to Crist's argument, the use of the word "may" in the Registry Rule does not provide the Bureau any discretion when determining whether to place a nonresident on the sex offender registry. For example, nothing in this rule suggests that the Bureau could determine that a nonresident's out-of-state conviction was substantially equivalent to an Idaho registrable offense but then decide, in an act of discretion, that the nonresident was free from SORA's registration requirements. Instead, as the State argues, the word "may" is merely "noting the obvious truth that, under SORA, a foreign sex offense conviction *may* (or may not) result in a duty to register in

Idaho." In other words, as used in the Registry Rule, "may" merely suggests that the outcome will vary depending on the nature of the out-of-state conviction. Furthermore, nothing in SORA's statutory and regulatory scheme grants law enforcement unbridled discretion when enforcing SORA's terms because the standard for determining whether a nonresident was required to register is fixed. As discussed above, SORA plainly requires nonresidents to register if they were convicted of any crime in another jurisdiction that is "substantially equivalent" to an Idaho offense that requires registration under section 18-8304(1)(a) and enter the state for employment purposes. I.C. §§ 18-8304(1)(b), -8307(4)(b).

Accordingly, we conclude SORA and the Registry Rules plainly provided Crist with fair notice of his duty to register, and Crist's failure to register violated section 18-8307(4)(b)'s terms. Therefore, we reject Crist's as-applied challenge to SORA and the Registry Rules.

## IV. CONCLUSION

For the reasons set forth above, the decision of the district court is affirmed.

Chief Justice BEVAN, and Justices MOELLER, ZAHN and MEYER CONCUR.

12